## SUPREME COURT.

TALLMAN and others, respondents, agt. HINMAN and others, appellants.

An order denying a motion to set aside a judgment, and for leave to the defendants to appear and answer, for irregularity, on the ground that no court is named in the summons, is not appealable.

*Monroe General Term, September,* 1854.

JOHNSON, WELLES, and T. R. STRONG, Justices.

The summons in this action does not contain the name of any court. It was served on the 31st of October, 1853, and was not accompanied with a complaint. The defendants did not appear, and on the 22d of November, 1853, judgment in the action against the defendants was entered in this court in the clerk's office of Cayuga county. A motion was made by the defendants, at a special term of the court held in Syracuse, before Mr. Justice PRATT, to set aside the judgment, and for leave to the defendants to appear and answer, for irregularity, in that no court is named in the summons, which motion was denied. The defendants appealed from the decision to the general term.

GEORGE RATHBUN, *for appellants.*
WILLIAM ALLEN, *for respondents.*

By the court—T. R. STRONG, Justice. It is objected preliminarily, that the order at special term was not appealable. An appeal could not be taken from it unless the order is within § 349 of the Code. There is no other provision which author-

izes the appeal. That section allows an appeal from an order in the cases specified in its several subdivisions, but it is clear that none of them embrace this order, unless it is the third. The third subdivision is, " when it involves the merits of the action, or some part thereof, or affects a substantial right." In St. John agt. West, (4 *How. Pr. R.* 329,) the word "merits," as here used, is held to mean " the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court ;" and this, I think, the correct interpretation. It cannot be contended that this order involves the merits of the action, thus understanding the term merits; it relates merely to a matter of practice—the form of a proceeding. The summons is not void ; it is at most merely voidable for an omission to comply with the practice, which, however proper, is entirely dependent upon the discretion of the court. It is not a statutory requisite of a summons that it shall state the name of the court in which the action is brought; § 128 of the Code, which prescribes the requisites of a summons, is silent on the subject. The counsel for the defendants supposes that the 57th section of the judiciary act (*Laws of* 1847, *p.* 335) in relation to the return of process, is applicable to this case, but I am satisfied this is a mistake. Does the order then affect a substantial right of the defendants ? If the view above expressed, that the order relates merely to the practice, which is entirely governed by the discretion of the court, is correct, it is difficult to see how any substantial right of the defendants can be affected by it. A party cannot be said to have a right to what a court has a discretion to grant or withhold. The legislature must have intended by a substantial right, a fixed determinate right independent of the discretion of the court, and of some value. Such a right must exist and be injuriously affected by an order to bring a case within the subdivision above given.

The preliminary objection must therefore be sustained, and the appeal dismissed.