By the court, Comstock, C. J.
The object of the suit was to recover the sum of $4,000, in which the defendants, by a fire policy, insured the plaintiffs. In the complaint it was stated that a certain clause in the policy, descriptive of the subject of insurance, was inserted by mistake, and that the defendants, taking advantage of that clause, had refused to pay the loss. The prayer of the complaint was for the recovery of the $4,000, and, if necessary, that the contract be exorcised by striking out the clause in question. The case was tried before Mr. Justice Ingraham, who dismissed the complaint. The decision proceeded solely on the ground that the plaintiffs had not made out a right to have the contract reformed; but no determination was made that the plaintiffs were not entitled to recover on the policy as it actually was. The learned justice was of opinion that such a recovery could not be had without instituting a new suit, and the judgment was accordingly without prejudice to the right of bringing another. But the plaintiffs after-wards ascertained that by a provision in the policy, action must be brought within twelve months after a loss, and that it was too late to begin de novo. They then moved the special term to amend the order of dismissal, by inserting leave to file a complaint “at law” in the same action, and an order granting such amendment was made. From this order the defendants appealed to the general term, where the same was reversed, and from the order of reversal the plaintiffs appealed to this court. The defendants move to dismiss this appeal.
I confess myself unable to see why the plaintiffs were not entitled to a reformation of the contract. The learned justice who tried the case, in the opinion given by him, after referring to the evidence, observes: “ The only conclusion I can adopt on this evidence is, that there was a mutual mistake as to the description of the premises, arising from a misunderstanding of the parties in the original negotiation of the contract, and that the defendants’ agent, in *298 making the policy, made it as he intended it should be, when he agreed to insure the property. The policy was made according to the description entered by him in the books of the company,” &c. Now, if the mis-description of the subject of insurance was material, and was entered in the books of the company, and found its way into the policy in consequence of a mutual mistake or misunderstanding of the parties, it seems to me that a proper case was made out for a reformation.
In the next place, I am of opinion that it was erroneous to turn the plaintiff out of court, on the mere ground that he had not entitled himself to the equitable relief demanded, if there was still enough left of his case to entitle him to recover the sum in which he was insured. No suggestion was made that the complaint did not show a good cause of action for this money, even after striking out all the allegations and the prayer on the subject of equitable relief. But because it contained those allegations, and because those were tried without' a jury, and tried unsuccessfully, the court refused to entertain the case for the relief to which the plaintiff was in fact entitled, that is to say, for a recovery of the money without reforming the contract. This ruling proceeded wholly on the authority of the case of Rubens agt. Joel, in this court, (3 Kernan, 488,) which it is intimated was a departure from previous cases also in this court. But this is a mistake. In that case a debtor had made, as it was alleged, a fraudulent assignment of his property, and a creditor, by simple contract, commenced a suit against the assignor and assignee, praying a recovery of his debt, and for an injunction to restrain the alienation of the property assigned.
The questions in the case arose on demurrer, put in by the assignee, and the point determined in this court was, that such a creditor was not entitled, in such a case, to equitable relief by injunction. We all thought that the ' creditor had no standing in court, legal or equitable, as' *299 against the assignee, until after judgment against his debtor; and whatever was said beyond this is to be taken as individual opinion merely. The doctrine of the previous cases (2 Kernan, 266, 336,) favorable to uniting in the same action legal and equitable grounds of relief, was not intended to be disturbed; and a case in this court of a later date has reaffirmed that doctrine in the most explicit manner. (Phillips agt. Gorham, 17 N. Y. R., 270.) In this case the point was very distinctly presented, and it was decided upon the fullest consideration. I think it proper to mention that the reason why I expressed no opinion in the case was, that I hesitated in regard to the power of the legislature under the constitution to abrogate all the distinctions between legal and equitable actions. That such was the expressed intention of the legislature in the Code of Procedure I never had any doubt. Both of these questions must now be considered at rest.
And in the next place I do not see the grounds upon which the court below in general term reversed the order of the special term, giving to the plaintiff the right to put in a new or amend the complaint in the action. I think the complaint was perfectly good, and that no amendment or substitution was necessary. It was much more clearly good in the so-called legal than in the so-called equitable aspect of the case. Nevertheless the court corrected the judgment. by adding the words “ or the plaintiff may serve a new complaint at law in this action on payment,” &o. The judgment was entered December 23d, 1859, notice of the motion for leave to add this clause to it was given in February following, and the order granting leave was made in July following.
It is suggested in the opposing papers that the judgment had become perfect and final before the motion was made. I do not see the force of this suggestion. The judgment was perfect as soon as pronounced and entered. It would become final when the time for appealing should expire; *300 but there is no pretence that this time was ever limited by serving on the plaintiff the notice required for that purpose (Code, ^ 332.) I think the power of the court to modify or amend the judgment cannot be questioned. Even if the time for appealing had expired, I am by no means prepared to admit that this power would be lost. At all events, so long as the judgment was subject to an appeal, it was subject to such corrections and modifications as the court which pronounced it might in its discretion think proper to make. The administration of justice would be extremely imperfect if this power did not exist. In this case the complaint had been dismissed at the trial because the plaintiffs had failed (as the court thought) to prove the equitable ground of relief which he had alleged. By the modification afterwards directed, leave was given to file and serve a different, that is to say, an amended complaint. The judgment then was no longer absolute, but it would become so unless the plaintiff within twenty days amended his complaint and paid the specified costs. If an amendment was thought necessary, this would have been extremely- proper as an original disposition of the case at the trial. As the time for bringing a new suit had expired, justice plainly required that the case should be put in this situation; and as it was not so done at the trial, it was just that the omission should be supplied afterwards. In the next place, I am-of opinion that the supreme court had no right to entertain the appeal at all from the order of the special term. That order, in its substance and nature, simply allowed a pleading to be amended in furtherance of the justice of the case. Such orders rest in the discretion of the court which makes them, and they involve no substantial right, and they are not reviewable on appeal. They do not belong to either class of orders which, according to the Code, may be reexamined at the general term {Code, § 349.) As incidental to the amendment applied for in this case, it was necessary to modify the judgment in its absolute character. But *301 this was only a part of the discretion to be exercised on the application.
Not even in this view was any substantial right involved, because it was merely a question of practice whether the legal merits of the case should be tried under an amendment of the pleading, or in a new action. Leave to bring a new action had been originally given. The amendment simply gave leave in the plaintiff’s election to go on in the same action after reforming his complaint. In all this I see nothing but practice and a discretion which afforded no ground for a review.
But the inquiry remains whether the order of reversal pronounced at the general term can be reversed in this court. We regret to find that there is no provision of lavs' which authorizes such an appeal. The order appealed from does not, we think, “in effect determine the action and prevent a judgment from which an appeal might be taken.” (Code, § 11, sub. 2.) On the contrary, it leaves in force a judgment in the action rendered-upon the trial, from which an appeal might have been taken, and, so far as we know, may still be taken.
The case, therefore, does not seem to be contained in any of the subdivisions of the eleventh section of the Code, which is the only authority for appeals to this court.
The appeal must, therefore, be dismissed, but without costs.