## JONES vs. HUGHES.

The objection that several causes of action are improperly united, can only be taken by demurrer.

APPEAL from the Circuit Court for *Milwaukee* County.

Action on contract. The complaint for the first cause of action sets out an agreement by which the plaintiff agreed to

erect for the defendant, a building on certain lots in Milwaukee for the sum of $1280 and avers performance of the contract, and also that the plaintiff performed certain extra work and furnished extra materials in doing the same, of the value of $80, and admits payment of the sum of $839.70 on account thereof and claimed the sum of $400.26 as due thereon with interest from May 4, 1861 ; and for a second cause of action the plaintiff alleged that when the said building was commenced there was a parol contract between the parties, and that after a greater part of the work had been performed, a written memorandum of the contract was drawn up and signed, which was annexed to the complaint) and which the plaintiff supposed contained the contract as made and set forth in the first cause of action, and that he signed it without reading it, upon the representations of the draftsman that it was correct, but that certain material words, specifying them, were omitted from a certain part of the contract by mistake, so that the instrument did not express the intention and agreement of the parties. The third cause of action is in substance, a count *quantum meruit*, for the same work and furnishing the same materials mentioned in the first cause of action, and claiming the sum of $400.26 as due the plaintiff. The fourth cause of action avers the completion of the building and its acceptance by the defendant, and an accounting between the parties on account thereof and a settlement, whereby there was found a balance due the plaintiff of $400.26, which the defendant agreed to pay, but that he had not paid the same nor any part thereof; and the plaintiff demanded judgment correcting the alleged mistake in the written memorandum by inserting the omitted words at the place pointed out in the complaint, and for the sum of $400.26 and interest thereon from May 4, 1861, and for such other and further relief in the premises as should be agreeable to law and equity and for costs to be taxed.

The defendant moved that the plaintiff be required to make his complaint more definite and certain; the court made an

order overruling the motion, and from which the defendant appealed.

*Merrick & Hill*, for appellant. 1. The complaint contains four causes of action, three at law and one in equity; and it is uncertain whether the defendant is to plead in law or in equity. To correct and determine this uncertainty the proper remedy is by motion. *Kuehn vs. Wilson*, 13 Wis., 104. Prior to the code, it was proper to demur for misjoinder of causes of action at law. 16 Johns., 146; 9 Wend., 546; 22 id., 369; 1 Kern., 347; 1 Taunt., 212; 6 Blackf., 153, and according to these authorities the defect may be remedied by motion at any stage of the action; R. S. ch. 125, § 5, sub. 5; 12 How. Pr., 28. To compel the plaintiff to elect on which count he will proceed, the defendant may move under § 22 ch. 125, R. S., or demur under §, 5 of the same chapter. 12 How. Pr., 395; 2 Kern., 584. In this case the uncertainty is not in the improper joinder, but in the duplicity. 2. At law such a defect was reached only by special demurrer, 14 Vt., 247; 18 id., 363; 7 Blackf., 599; 1 Chitty Pl., 226, 228. 3. Had the defendant demurred for misjoinder, the plaintiff could claim that he sued in equity and that he showed but one cause of action, and so the demurrer would fail. 9 How. Pr., 123; 12 id., 326; 14 id., 456; 6 Wis., 265; 5 id., 260. 4. The plaintiff cannot proceed with both legal and equitable causes of action. The reformation of the written contract is an indispensable pre-requisite to a recovery on it at law; 2 Wis., 31.

*Jas G Jenkins*, for respondent. 1. The motion was properly overruled for the reason that the motion papers do not specify what portion of the complaint is indefinite, uncertain or objectionable. *Benedict vs. Dake*, 6 How. Pr., 352. The motion under § 22, ch. 125, R. S., is to reach defects in form, that under the old system were reached by special demurrer, and it was necessary that the particular grounds of the demurrer should be stated. Steph. Pl., 159; 1 Saund. Pl., 950. 2. Such a motion is only proper where a pleading is am-

biguous or doubtful in meaning, or is unintelligible by reason of the omission of material words. If the objection be that several causes of action are improperly united, the defendant should have demurred.

*By the Court*, DIXON, C. J. The complaint is not indefinite or uncertain. The counsel for the defendant experience no difficulty in understanding the full extent and scope of the plaintiff's claim. They say that he alleges four distinct causes of action, three at law, and one in equity; and the point of their objection is, that it is *uncertain* whether they are to plead in law or equity. The objection then, if it has any significance, is, that the causes of action are improperly united, the exclusive remedy for which is by demurrer. R. S., ch. 125, sec. 4, sub. 5 and secs. 8, 9; 2 Whit. Pr., (3d ed.), 673; *Wright vs. Storrs*, 6 Bosw., 609. According to the authority of *New York Ice Co. vs. North Western Ins. Co.*, 23 N. Y., 357; *Phillips vs. Gorham*, 17 N. Y., 270, and *Marquat vs. Marquat*, 2 Kern., 336, there is no misjoinder; but that is a question requiring no expression of opinion, since it can only arise on demurrer.

Order affirmed.