Hogeboom, J.
(dissenting). In this case I have come to the following conclusions:
1. The case is difficult and extraordinary, within the meaning of section 309 of the code. The character and magnitude of the claim, the importance of the interests involved, the length of time it has occupied, and the severity with which it has been contested, bring it fairly within the purview of this section. It is not denied to be so by the plaintiff’s counsel, and it was practically conceded to be so by the original stipulation for an extra allowance. The case is, therefore, one in which the judge had jurisdiction to act.
2. The court which made the allowance, kept within the limits of the statute—that is, it did not make an allowance for an amount exceeding that authorized by the code. The claim was $5,000,000, and the allowance was less than one-half of one per cent of that sum, instead of five per cent, which it had the power to make. There was, therefore, no violation of the statute in this particular.
3. It was a case plainly by the terms of the statute, within the limits prescribed, in the discretion of the court. The express words are that “the court may also, in its discretion, make a further allowance to any party, not exceeding five per cent upon the amount of the recovery or claim.”
4. Judicial discretion is not subject to review m an *430 appellate tribunal. From its very nature it can not be subjected to any fixed or very precise or definite mode of action. And it is impossible for an appellate court, though it may differ with the original tribunal in such cases, to say that it has erred in law. -There is no standard by which the true boundaries of discretion may be gouged or measured. Hence, by a uniform course of adjudication, matters resting within the discretion of the primary court are-held to be not open to review or discussion upon appeal.
The objection that discretionary power is not reviewable on appeal is not obviated by saying that this order “affects a substantial right,” and was, therefore, reviewable at the general term .under section 349 of the code.. It does not involve a siibstantial right, in my opinion, within the meaning of the code. For although an extra allowance so large as that made in this case affects materially the amount of the recovery or judgment, it does not affect a legal, fixed or determined right. A substantial right is something to which, upon proved or conceded facts, a party may lay claim as matter of law—which a court may not legally refuse—and to which it can be seen that the party is entitled within well séttled rules of law. There is many a point of practice and matter of discretion, the decision of which may directly or indirectly affect a party’s pecuniary interests to the amount of thousands of dollars, and in a loose and general sense may be said to affect a substantial right, but which has never been pretended to be embraced within this language. I have supposed that by a series of well-considered decisions mere questions of practice and of discretion have by nearly unanimous judicial construction been regarded as excluded from the terms and not the spirit of this section of the code.
5. It has been said in some cases that this rule is subject to this qualification, that when the discretion shall appear to have been abused, the appellate forum may interfere. *431 And there are cases holding that a gross and palpable abuse of discretion may be controlled and reversed. It has been doubtfd whether the power of review in such a case rests upon any very clear or firm foundation in the law, but I will assume it to exist. Making this assumption, I am not prepared to say that there has been in this case any such abuse of discretion as authorizes an appellate tribunal to interpose. The exercise of an honest judgment, however erroneous it may appear to be, is not an abuse of discretion. Abuse. of discretion, and especially gross and palpable abuse of discretion, which are the terms ordinarily employed to justify an interference with the exercise of discretionary power, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. In none of these particulars, in my opinion, is there just cause for imputation against the judge who pronounced this decision. Independent of his high character and position, I can find nothing in the facts of the case which justly exposes him to censure in these respects. He may have erred in judgment. It is not our province, I think, to determine whether he did so or not. It is quite possible many or any of us would not have reached the same precise conclusion. But this is not and can not be the question. The question is, has 'his discretion been abused—has the result arrived at by him been produced by the exercise of an arbitrary and unlawful discretion? I am not prepared to say that it has.
It is said this was a question for the general term of .the supreme court, and that they have not passed upon this aspect of the case, and that therefore their order should be reversed and the case remanded to them with directions to consider it in that respect. But I think this is not so, for the following reasons:
1st. It is not clear that they have not examined this view of the case. ■ They dismissed the appeal, it is true, as an order not appealable, and so far as we can infer from their *432 opinion, as not appealable because governed by the discretion of the original tribunal, but we can not tsay, I think, whether they put their decision upon the ground that no review whatever could be had in any case where discretion was invoked, however flagrantly improper or. corrupt may have been the exercise of that discretion, or upon the ground that no case for interference upon appeal had been made because there had not been any abuse of discretion or assumption of unlawful or unregulated authority.
2d. If it is clear to us that upon the same papers before us as there were before them, there was no such abuse of discretion as would justify a reversal of the order of the original tribunal, we may well affirm their order, or dismiss the appeal from it upon the well-established rule that a right result' is not to be overthrown though founded upon a wrong reason. • So far as the question of discretion is concerned, the right of review is precisely the same with them as with us. If there has been no exercise of discretion that can be properly interfered with by an appel late tribunal, the disability to interfere is the same with them as with us, and the same with us as with them. It rests upon general principles of law forbidding an interference with judicial discretion. It would, therefore, be quite useless to remand the case back to them to sit in review upon the exercise of a discretion with which we are of opinion neither they nor we can lawfully interfere.
3d. So far as we know, it was not urged before them, as it has not been by the plaintiffs’ counsel here, that they were bound to interfere because there had been that kind of1 abuse of discretion which justified its being corrected and rebuked for the, arbitrariness or perversity of its exercise. If counsel will not press the case in such an aspect, it cannot be regarded as the duty of the court to strain for reasons of that description to justify its interference. Hundreds of cases.are every year disposed of in pur courts upon the ground that an erroneous exercise of discretion is *433 not the subject of appeal, without its having, been thought necessary to argue or decide the appealability of the discretionary order on the ground of abuse of discretion. The contrary is always to be presumed; and. it must be a very flagrant and exceptional case to justify an argument or a decision founded upon such a view of the case. Nor has the propriety of the numerous decisions, refusing to interfere in cases of discretion, been impugned, that I am aware of, because, in the opinion of the court, the point has not been mooted or debated whether the order of the primary tribunal, was not liable to be overthrown for abuse of discretion. °
4th. Finally, this court has decided in the case of The New York Ice Company v. The Northwestern Insurance Company (23 N. Y. 357), that even where the general term of the supreme court has entertained an appeal from an order not appealable, because resting in discretion, and has reversed it, this court will not entertain an appeal from the decision of the general term. .
If this case, therefore, is to turn on the question of discretion, or its abuse, I am of opinion that the appeal from the order of the general term should be dismissed.
6. It is said, however, that there is a question of power' in the case, and that the judge exceeded his authority because he based his allowance in part upon matters not authorized to be taken into ■ consideration, to wit: upon expenses not incident to the trial of the cause.
1st. It is not quite manifest, upon the published opinion of the judge, whether he graduated his allowance in part upon the expenditures incurred on appeal, or merely alluded to them to illustrate the difficult and extraordinary character of the case.
2d. But I am of opinion that the proper construction of the statute authorizes the judge to graduate the allowance by a consideration of all the necessary or probable reasonable expenditures incurred, or to be incurred, in the course *434 of the whole litigation. The code declares it must be in cases “where a trial has been had,” but by no means limits the allowance to the expenses of the trial. It is the difficult and extraordinary character of the case, the amount in controversy, the severity, extent and duration of the litigation, which are all to be considered on this question, and which enter into the equity of the allowance. Section 308 makes certain allowances in particular cases upon the recovery of judgment, but not because the expenses are .principally incurred in the recovery and entry of the judgment, but in the cause itself—the proceedings necessary to its proper commencement, conduct and consummation, and the character of the subject matter involved.
I am further of opinion that, as the matter is left to the discretion of the judge, and no precise mode is prescribed for obtaining the information on which his discretion is to be exercised, he may do it—especially if not objected to by the parties—in any mode likely to procure authentic knowledge of the particulars which should govern him in fixing the allowance. This may be in part from his own knowledge of the case, obtained in the course of the trial; in part from the 'sworn or uncontroverted statements of counsel and parties; and these may have reference to prospective as well as past litigation. In the case now before us, no objection to the sources of information is made; the facts appear by affidavit, and come up in that way by the consent of the parties.
It is suggested, it is true, in a very brief memorandum, in the case of Wolfe v. Van Nostrand (2 Comst. 570), that the allowance should be regulated by what appeared on the trial; but this was not the point in judgment, nor necessary or proper to the decision of the case. It can scarcely have been intended as binding authority; nor should it have that effect. It does not appear to have been much considered on this point, nor does it discuss the lan: guage of the statute.
*435 7. It is further contended that, inasmuch as the object of these allowances, both in law and in reason, is indemnity to a party; and inasmuch as there is no evidence in the papers that an amount so large is necessary for such purpose; and inasmuch as such amount appears to be unreasonable and excessive, the matter is within the control of the appellate tribunal, and it has a right to interfere because the special term has transcended in effect the limits of the statute. ' But this rather assumes the point in controversy. The allowance should not pass the bounds of a just indemnity; but what those bounds are, is left, below a certain maximum amount, to the discretion of the original tribunal. The opposing papers do not name any certain amount, and the moving papers name the amount actually allowed. What was actually charged by counsel to client does not appear; but that is not the test, as it may have been extravagant. Nor is the omission to state in the papers the precise amount which would constitute indemnity, a fatal omission. The matter is after all referred to the judgment of the court, and when that is honestly, and not arbitrarily, exercised, it is in my opinion final.
Such a view of the case may in some instances work injustice and lead to extravagant' allowances, but, as was said in the court below, the vice is in the system itself. I agree that that is wrong, and should be corrected; but I think the correction should come from the hands of the legislature, and not of the courts.
On the whole, I regard the order as properly disposed of at the general term of the supreme court, and as not properly here for consideration upon its merits. I think the appeal should be dismissed.
Selden and Tsgbaham, JJ., took no part in the decision.
Order reversed.