## NEW YORK COMMON PLEAS.

CORNELIUS P. SCHERMERHORN agt. FERNANDO WOOD.

The *terms* upon which an *amendment* of a pleading is granted are in the discretion of the court, unless they violate some absolute right of a party, and, except in such case, are not *appealable*.

*General Term, February,* 1866.
*Before* DALY, BRADY *and* CARDOZO, *Judges.*

By the court, CARDOZO, J. I think the order made by Judge DALY, and the terms which he imposed, rested in his

discretion, and that, therefore, no appeal lies.   Even after
the amendment, the cause was referable in its nature, and
when that is so, the question of terms in all respects,
which, of course, includes whether the court should make
it a condition of allowing the amendment that the order
of reference be discharged, is addressed exclusively to the
discretion of the judge to whom the application for the
amendment is made.   It is only when a party is deprived
of that to which he has a strict legal right, that an order
allowing an amendment is reviewable.   In this case, the
defendant has not a strict, legal, absolute right, either to
costs of the action since the first answer, or to a jury trial.
The cases of *Allaben* agt. *Wakeman* (10 *Abb. P. R. p.* 162),
and *Union Bank* agt. *Mott* (19 *How. P. R. p.* 267), are not
inconsistent with these views.   In each of those cases the
defendant was permitted to add a new and distinct cause of
action to the complaint without being required to serve a
copy of the amended pleading on the defendant, and with-
out allowing him twenty days to answer.   The court in
each case held that the right to be served with a copy of
the amended complaint, and to answer it in twenty days,
was a statutory one, of which the defendants could not be
deprived, and as the orders of the special term did deprive
them of that right, they were held to be appealable.   But
in the present instance, the plaintiff has not been deprived
of any statutory right, or of anything to which he has an
absolute legal claim.   If the plaintiff was entitled by
statute to all the costs of the action, or if after the amend-
ment the action would not have been referable in its nature,
then the cases relied on by the appellant would have been
analogous.   But whether all the costs or only part, or none
should be allowed, and whether the case presented such
difficult questions of law or fact as made it improper to
refer it, and whether the issue of payment should first be
tried by a jury, and if found adversely to the defendant,
a reference then ordered, were all mere questions of prac-

tice, which were addressed to the discretion of the learned judge below, and whose action upon them is not reviewable.

Appeal dismissed. with costs.