## GEORGE BOWMAN *v.* FREDERICK DE PEYSTER.

An order, allowing a defendant to amend his answer by setting up an additional defense, does not affect any substantial right of the plaintiff, within the meaning of subd. 3, of sec. 349, of the Code of Procedure, and is not, therefore, appealable (overruling *Harrington* v. *Slade*, 22 Barb. 161; and *Sheldon* v. *Adams*, 27 How. Pr. 179).

If a defendant has, from a misconception of his rights, want of knowledge, or other excusable cause, omitted to avail himself of a defense, it is always in furtherance of justice to permit him to set it up upon proper terms, if the application is made in good faith, and the allowing of it will work no injustice to the plaintiff.

Where the proposed new defense appears available, and its introduction imposes no hardship upon the plaintiff, nor involves an abandonment of the old defense, but, on the contrary, is consistent with, and, in fact, grows out of such defense, calling simply for proof, on the part of the defendant, of record proceedings which plaintiff cannot deny: *Held*, That such amendment was properly allowed, even upon the trial.

APPEAL by the plaintiff, from an order of the special term, allowing the defendant to amend his answer on terms.

This action was commenced the 10th October, 1859, to recover an alleged balance owing for professional services, rendered by the plaintiff in conducting a suit, in the Supreme Court, for De Peyster & Wilmarth agst. the Sun Mutual Insurance Company. The defendant is the assignee of the firm of De Peyster & Wilmarth.

The defendant's answer alleged payment to the plaintiff to the full value of his services, and denied any balance owing. The cause was referred, by consent, to George N. Titus, Esq., on February 12, 1861. On the trial before the referee, the plaintiff produced a certain petition, made to the Supreme Court, by Frederick De Peyster, to compel George Bowman to pay over the amount collected in the case against the Sun Insurance Company. On that petition, a reference was had to report what amount was due to Bowman. The referee awarded him (with previous payments) about $4,500, and ordered the balance to be paid to Mr. De Peyster. The order provided that such payment should be without prejudice to Bowman's right to commence an action for his costs. These proceedings the defendant offered in evidence. The plaintiff, among other objections, urged that they were not set up in the answer. The referee held, that they could not be given in evidence without being pleaded.

The defendant then moved to amend his answer, by setting up these proceedings as a bar, and also as evidence of the value of Bowman's services. The referee held, that he had no power to make this amendment, as he was controlled by certain decisions, especially by that in *Woodruff* v. *Hurson* (32 Barb. 557), but granted a stay of proceedings, to enable the defendant to move at special term. On the hearing of the motion, at special term, the following decision was rendered:

BRADY, J.—I think the motion to amend should be granted. If the plaintiff, in consequence of the defense set up by the amendment, is obliged to abandon his claim, the defendant must pay the costs of the action up to this time. If not, the amendments will be allowed on *ex debito justitiæ*, on payment of $10, costs of the motion.

From this decision, the plaintiff appealed to the general term.

*George Bowman*, for appellant, on the point that the order was appealable, cited *Allaben* v. *Wakeman* (10 Abbott Pr. 163); *Union Bank* v. *Mott* (11 Id. 46); *Perry* v. *Moore* (2 E. D. Smith, 32). On the point that the defendant was estopped from applying for the order appealed from, he cited *Martin* v. *Angell* (7 Barb. 407).

*John Sherwood*, for respondent, contended that the order was not appealable, and cited *Travis* v. *Barger* (24 Barb. 614); *Hodges* v. *Tennessee Fire & Marine Ins. Co.* (8 N. Y. 418); *McQueen* v. *Babcock* (13 Abbott Pr. 268); *Saltus* v. *Genin* (19 How. Pr. 233); *Hatfield* v. *Secor* (1 Hilton, 535); *McCarty* v. *Edwards* (24 How. Pr. 236).

By the Court.—DALY, F. J.—If the question were now to be passed upon for the first time, I should hold that an order of the judge, at special term, allowing a defendant to amend his answer by setting up an additional defense, was not reviewable upon appeal. At the common law, the amendment of a pleading was in the discretion of the court, and the allowance or the refusal by the court below of an amendment was not a matter which could be reviewed as error (*Hart* v. *Seixas*, 21 Wend. 51; *Cooper* v. *Bissell*, 15 Johns. 319; *Travis* v. *Waters*, 12 Id. 506; *Clason* v. *Shotwell*, Id. 31; *Chichester* v. *Cande*, 3 Cow. 44, note; *Mellish* v. *Richardson*, 9 Bing. 125; *Mandeville* v. *Wilson*, 5 Cranch, 15; *Chirac* v. *Remecker*, 11 Wheat. 177; Graham's Practice, 649; 2d edit. Dunlop's Practice, 1150). Before the act of 1830, applications for amendments in the Supreme Court were made at the general term, and afterwards before a single judge at special term, and in either case, or when an amendment was made by an inferior court, the decision was final and could not be reviewed. A rule so long and firmly established is not, in my judgment, necessarily changed by the provision in the Code allowing, before judgment, an appeal from an order made at the special term to the general term, when the order involves the merits, or affects a substan-

tial right. A plaintiff cannot be said to have a right to de-
prive a defendant of the privilege of setting up a defense which,
from any excusable cause, he has neglected to do, or has done
in such a manner as to make it unavailable; and where a judge,
in the exercise of his discretion, grants to a defendant this privi-
lege, he does not thereby affect any substantial right of the
plaintiff. It deprives him of nothing. The only effect of it is,
that he is compelled to meet a defense which he would have
been compelled to meet in the first instance, had the defendant
set it up. It may put him to inconvenience, or delay the trial
of the cause, but this is a matter for the consideration of the
judge, in the exercise of his discretion to refuse the application,
or in imposing the conditions upon which the amendment will
be allowed. It was pertinently said by Strong, J., in *Tallman*
v. *Hinman* (10 How. Pr. 90), that " a party cannot be said to
have a right to what a court has a discretion to grant or with-
hold." " The legislature," he says, " must have intended, by a sub-
stantial right, a fixed, determinate right, independent of the dis-
cretion of the court, and of some value. Such a right must exist,
and be injuriously affected by an order to bring the case within
the fourth subdivision of the 349th section," and the allowing
of amendments, whether of pleadings or proceedings, has always
been a matter in the discretion of the court. There being, said
Lord Kenyon, in *Rex* v. *The Mayor of Grampond* (7 Term R.
703), no certain rules in respect to amendments, each particular
case must be left to the sound discretion of the court, and the
answer of the twelve judges in *Mellish* v. *Richardson* (9 Bing.
125) was, that orders for amendments of proceedings were strictly
and properly matters of practice in the progress of a cause, which
belong by law to the exclusive discretion of the court.

Neither can an order allowing a defendant to set up an
additional defense be said to involve the merits. The cause of
action on which the plaintiff relies, remains as he set it forth in
his complaint, and whatever were its merits when he brought
the action, they continue the same. Justice Selden said, in
*St. John* v. *West* (4 How. Pr. 329), that to allow, as involving
the merits, those cases where a judge has been called upon to
exercise a sound discretion in settling the equities of the parties,

in regard to some interlocutory matter, would be reversing all the previous theory and practice of our courts, and he gives, as his interpretation of the word "merits," "the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the *discretion* or *favor* of the court." This definition was approved by Justice Strong in *Tallman* v. *Hinman, supra*; by Justice Woodruff, in *Tracy* v. *New York Steam Faucet Company* (1 E. D. Smith, 357); and was substantially the same as the one previously given by Justice Edmonds in *Crugar* v. *Douglass* (2 Code R. 123). The order in this case, therefore, tested by this rule, is not an order involving the merits.

It has been decided, however, in two cases, that an order of this nature is reviewable upon appeal. It was held by the general term of the Fourth Judicial District, in *Harrington* v. *Slade* (22 Barb. 161), that an order allowing a defendant to put in a supplemental answer, setting up a new defense, which, if established, was fatal to the plaintiff's action, was one from which an appeal would lie to the general term, under the third subdivision of the 349th section, as involving a substantial right. The defense set up, by the supplemental answer in that case, was not one which had arisen after the service of the answer. It existed when the action was brought, but the defendant was not then aware of it. Justice Paige (and the court, from their decision, appear to have agreed with him) regarded the order as affecting a substantial right, which he declared to be the right of the plaintiff to recover upon the previous answer of the defendant. This was assuming that a plaintiff has such a right, which he cannot have, if the court may, in its discretion, allow an answer, or other pleading, to be amended. If the issue, when once formed, could never be changed or varied, a right of this nature might exist, but not otherwise.

In *Sheldon* v. *Adams* (27 How. Pr. 179), Justice Bockes held that an order allowing a complaint to be amended, by adding an additional cause of action, was open to review upon appeal, as involving a substantial right, which he appears to have held

upon the authority of the previous decision in *Harrington* v. *Slade*.

In the *Union Bank* v. *Mott* (19 How. Pr. 115; Id. 267; Id. 11 Abb. 42), it was held that an order allowing a complaint to be amended by setting up a new cause of action in such a way as to deprive the plaintiff of his legal right to answer or demur to the amended complaint, was an order involving a substantial right, in which I fully agree; for when an amendment is allowed to have such an effect as this, it does deprive the defendant of a substantial right, his right to answer or demur to the new cause of action; but no case like this can arise upon allowing a new defense to be pleaded, unless it is a counter-claim, which was not the nature of the defense allowed to be set up in the present case.

Although the order allowing the answer here to be amended by adding another defense, was not, in my opinion, appealable, I hesitate to put the affirmance of the order exclusively upon that ground, after four judges, at general term, have decided the contrary; and another judge, at special term, has concurred in the correctness of that decision. It is not necessary to do so, for there is no ground upon which it could be held that this order was improper. The courts have always been very liberal in allowing defendants to amend by setting up any additional defense. At common law, a plaintiff was not allowed to add additional counts after two terms had elapsed; but a defendant, upon proper conditions being imposed, if it were in furtherance of justice, would be allowed to amend, by setting up an additional defense, at any time before judgment (Tidd's Practice, 708, 9th London ed.) The reason for this distinction was, that the plaintiff, if he had another cause of action, could sue upon it afterward; while a defendant had to avail himself of his defense in the action brought against him, or he might lose the benefit of it (*Waters* v. *Boville*, 1 Wills. 223; *Dryden* v. *Langley*, Barnes' Notes, 22; *Skitt* v. *Woodward*, 1 H. Bl. 238).

In the present case, the defense which the defendant asked to set up, was one of which he ought to be allowed the benefit, it being by no means as certain as the plaintiff supposes, that

Bowman v. De Peyster.

it was not available, notwithstanding the reservation in the order made by the Supreme Court. The time that had elapsed was not material, as the hearing before the referee had not been brought to a close; and the introduction of this defense imposed no hardship upon the plaintiff. It did not require him to try the cause over again, as it was not a substitute for, and did not involve the abandonment of, the defense which had been previously made; but was one consistent with, and, in fact, growing out of it. It was merely allowing the defendant to avail himself of the effect of the award made in the Supreme Court, involving simply, on the part of the defendant, the proof of the proceedings in that court, which, in considering the effect of this amendment, it may be assumed the plaintiff could not deny. In *Stitt* v. *Woodward*, *supra*, the defendant was allowed to amend, with the right of the plaintiff to reply, three years after the judgment was entered up. If a defendant has, from a misconception of his rights, want of knowledge, or other excusable cause, omitted to avail himself of a defense, it is always in furtherance of justice to permit him to set it up upon proper terms, if the application is made in good faith, and the allowing of it will work no injustice to the plaintiff. Such was the case here, and the order appealed from should be affirmed.

CARDOZO, J.—I have no objection to affirming the order in this matter, because I agree with Judge Daly that it is right. But I do not wish to be understood as yielding to the authority of the cases relied upon, that the order is appealable. I think it rested in discretion, and is not reviewable. My views of the case of the *Union Bank* v. *Mott* (19 How. Pr. 267), and of *Allaben* v. *Wakeman* (10 Abb. Pr. 162), to similar effect, and of the distinction between such cases, and those like the present, have already been expressed, and received the sanction of the general term, in *Schermerhorn* v. *Wood* (30 How. Pr. 316).

Order affirmed.