SIMEON LOWENTHALL, President of the Society of Concord,
*vs.* MIER WISEMAN.

In the absence of any statute authorizing actions in favor of a religious corpo-
ration to be brought in the name of its president, the president of such a
corporation cannot sue upon a claim in its favor, in his own name.

The designating himself as the president of the society will not aid him; it
being well settled that such an addition is a mere description of the person.

APPEAL by the defendant from a judgment of the
Onondaga county court, upon exceptions to the rulings
of the county judge. The material facts are stated in the
opinion.

*Daniel Pratt,* for the appellant.

*Wm. C. Ruger,* for the respondent.

*By the Court,* FOSTER, J. It is not denied that "The
Society of Concord" was duly incorporated for religious
purposes, and was located at Syracuse. On the 15th day of
March, 1859, the corporation, by its corporate name of " The
Society of Concord," upon the payment to it of $25, which
was acknowledged, conveyed to the defendant two seats in
its church, for the use of himself and wife, subject to sev-
eral conditions, one of which was that he should pay quar-
ter yearly on the first of January, April, July and October
in every year, all the taxes and assessments, which should
be taxed or assessed upon the said seats; which convey-
ance was signed by the president and secretary of the cor-
poration, as such officers, and was under the seal of the
corporation. The defendant continued to occupy the seat
until January 1867, when he was expelled from the society
for nonpayment of the taxes on the seats. He had con-
tinued to pay taxes and assessments until some time in
November, 1866. After November, 1866, he did not at-
tend the meetings of the society. The plaintiff became
the president of the corporation on the first of April, 1867,
and continued such for one year, and on the 11th of May,

1867, he commenced an action against the defendant in a justice's court, by summons, in and by which the defendant was required to answer unto "Simeon Lowenthall, President of the Society of Concord, plaintiff, in a civil action," &c. On the return of the summons the parties appeared, and the plaintiff made his "complaint on account." The answer contained a "denial and set-off," &c. The cause was afterwards tried, and after the plaintiff had proved the claim due the corporation and rested, the defendant moved for a nonsuit, on several grounds, one of which was, "that the plaintiff, as president, cannot recover." The motion for a nonsuit was denied, and a judgment was rendered by the justice in favor of the plaintiff, which was appealed to the county court of Onondaga county, and was there tried before a jury. The proof there given against objection on the part of the defendant, proved a claim due from him to the Society of Concord, but no evidence was given of any claim in favor of Simeon Lowenthall. When the plaintiff rested his case the defendant moved for a nonsuit on several grounds, the first of which was, "that the president of the society cannot sue; the action must be in the name of the society." The court denied the motion, and the defendant duly excepted. After the testimony was closed, the defendant made several requests of the court to charge the jury, one of which was that the defendant was not liable, on the whole case made. The court refused so to charge, and the defendant excepted. The jury found a verdict for the plaintiff.

Several other questions are raised before us, but I deem it necessary to consider only the question whether the action upon a claim in favor of the corporation could be sued for, in the name of "Simeon Lowenthall, President of the Society of Concord."

It is not claimed that there is any statute which authorizes actions in favor of a religious corporation to be brought in the name of its president. And in the absence of such

statute I have no doubt that the plaintiff had no right to bring the action as he did.

The contract, out of which the alleged indebtedness arose, was made by the defendant with the corporation, and in its corporate name, and the plaintiff had no interest in it, except as a member of the corporation.

It is perfectly clear that an individual member of a corporation cannot maintain an action in his own name for the benefit of the corporation, though he adds to his name a statement of his relation to the corporation. And the president has no more right, in such case, to sue in his own name, than any other corporator. The designating himself as the president of the society does not aid him; for it is well settled that such addition is a mere description of the person. He was not the trustee of an express trust. No contract had been made with him, nor in his name.

So far as appears in the case, the complaint did not state any items of the account claimed, but was only a statement that the defendant owed the plaintiff in account. And of course the defendant could not demur; but when proof was offered of an account, or claim, in favor of the corporation, and objection was made, it was the duty of the justice to reject it. The same was the duty of the county court, when the objection was made there; and at the close of the plaintiff's evidence the court should have granted the motion for a nonsuit, upon the ground that no cause of action had been proved in favor of the plaintiff.

The judgment of the justice and of the county court should be reversed, and it is useless to order a *venire de novo,* for the reason that the complaint in this particular cannot be amended. (*Davis* v. *The Mayor &c. of New York,* 4 *Kern.* 506.) And it would be unjust toward the defendant to grant the plaintiff that favor now, even if there were power to do so.

[ONONDAGA GENERAL TERM, October 6, 1868. *Foster, Mullin* and *Morgan,* Justices.]