## THE CHITTENANGO COTTON COMPANY *vs.* STEWART, executor, &c., and others.

The death of a defendant, after an order of reference, and the revival of the action in the name of his representatives, do not operate to vacate the order of reference.

And the defendants, by appearing before the referee and commencing the trial, will be deemed to have waived the right to object to the validity of the reference on the ground of such death and revival in the name of the representatives.

The power of a referee, to allow amendments, is not as great as the power of the court at Special Term. His power is restricted, like that of the court at circuit.

An amendment of the summons and complaint which, in effect, strikes out the name of the plaintiff and substitutes another in his place should be applied for at Special Term. The power to grant it is not with the referee.

Whenever such an amendment becomes necessary, the referee may suspend the trial; or grant an adjournment, and allow the application to be made at Special Term, for leave to amend.

The decision of a referee is reviewable on motion, as well as upon appeal.

The court may exercise the power to strike out parties, under section 173 of the Code.

BY consent of parties, this action was referred, and after the reference the defendant died, and the action has been revived against his executors.

The referee allowed an amendment of the summons and complaint so as to change the party plaintiff from "Ebenezer Pennock, President of the Chittenango Cotton Company" to "The Chittenango Cotton Company."

After the amendment was allowed, the complaint, as thus allowed to be amended, was served, the defendants served an amended answer, and the plaintiff replied.

The defendants now move to vacate the reference, and for other relief.

*W. C. Ruger*, for the motion.

*Lansing & Kellogg*, opposed.

HARDIN, J.   1. The death of the defendant, and the revival of the action in the name of the personal repre-

sentatives, do not operate to vacate the order of reference; and the defendants, after appearing before the referee and commencing the trial, have waived the right to object to the validity of the reference on the ground of such death, and revival in the name of the representatives.

In *Moore* v. *Hamilton*, (44 *N. Y.*, 673,) LEONARD, C., says: "The order of reference was not affected by the death, or the substitution of the new party;" and at page 672 he also says: "The new or substituted party takes the place of the former one, and the case is revived and proceeds, in all respects, as if the new party had been in the case from the beginning. The pleadings remain the same, and all the prior proceedings are valid and operative."

2. This action was brought in the name of Ebenezer Pennock, president of the Chittenango Cotton Co., and the amendment allowed by the referee, in effect, strikes out the name of the plaintiff and substitutes another in his place, in analogy to the course prescribed by the Court of Appeals in *Bank of Havana* v. *Magee*, (20 *N. Y.*, 360, 363.)

As the action was brought, it is quite clear, as the referee held, that the plaintiff could not recover. (*Lowenthall* v. *Wiseman*, 56 *Barb.*, 490 ; 20 *N. Y.*, 360.)

But the power of the referee to allow amendments is not as great as the power of the court at Special Term. His power is restricted, like the power of the court at circuit. The more recent authorities seem to agree that such an amendment as was allowed in this case should be applied for at Special Term ; and that the power to grant it is not with the referee. Whenever such an amendment becomes necessary, he may suspend the trial, or grant an adjournment and allow the application to be made at Special Term, for leave to amend.

The decision of a referee is reviewable upon motion, as well as upon appeal. (7 *How. Pr.*, 294. 11 *id.*, 170.

Chittenango Cotton Co. *v.* Stewart.

19 *id.*, 267. 22 *id.*, 481. 22 *Barb.*, 161. 53 *id.*, 525, 570. 3 *Rob.*, 669. 9 *Bosw.*, 163 ; *S. C.*, 3 *Keyes*, 525. 2 *Daly*, 203. 23 *N. Y.*, 357. 14 *id.*, 527. *Billings* v. *Baker*, 6 *Ab.*, 213. 3 *Ab.*, *N.S.*, 359.)

The court may exercise the power to strike out parties, under section 173 of the Code, and it has been exercised. (*Turner* v. *Hillerline*, 14 *How.*, 231.) In that case, after the amendment was allowed, I, as counsel for the defendant, continued the trial before the same referee, the learned judge who decided the motion having refused to appoint a new referee, as no sufficient cause was shown therefor.

It follows that so much of the defendants' motion as seeks to set aside the reference, because of the change of parties by death and removal, must be denied, and the amendment allowed must be declared to be in excess of the power of the referee. And the plaintiff may apply to the court for leave to have such amendment stand in force ; and the right of the defendants to have the reference vacated, if such amendment shall be allowed, shall not be prejudiced by this motion.

The defendants' motion, to the extent above indicated, is granted, with $10 costs.

[ONEIDA SPECIAL TERM, October, 1873. *Hardin*, Justice.]