Monell, Ch. J. (concurring in the conclusion of the Court).
Without examining the merits of the questions presented upon this appeal, I am satisfied that the order was so wholly discretionary, and did not involve the merits of the action, or affect a substantial right, that it is not the subject of review on appeal.
This subject was fully considered in the Common Pleas in Bowman v. De Peyster (2 Daly 203), which was precisely like the case before us, and it was there held that the order was not appealable.
But later, in this court (Simmons v. Lyons, 35 Sup’r Ct. 555), a motion granted at the trial to amend the complaint by the insertion of new and material allegations, was held to be so within the discretion of the court, that the decision could not be reviewed. The court there say, “ the amendment being within the power of the court, was.also within the discretion of court, and can not be reviewed on appeal from the judgment.” That case was affirmed in the Court of Appeals, “on the opinion in the court below ” (55 N. Y. 671).
The eases in which the right of appeal has been sustained, have chiefly been on the ground, that the court has not the power to make the amendment (Sheldon v. Adams, 27 How. Pr. 179).
But in all cases where the power existed, the court *282 has refused to entertain an appeal, unless from some stringent provision in the order, or from its necessary effect, the party was deprived of some substantial right (Harrington v. Slade, 22 Barb. 161; Union Bank v. Mott, 19 How. Pr. 115).
The case of the N. Y. Ice Co. v. N. West. Ins. Co. 23 N. Y. 357), which is relied upon in Simmons v. Lyon (supra), must be considered as affirmed by the same court. The language of that case is clear and explicit. Judge Comstock says (p. 362): “In the next place, I am of opinion that the Supreme Court had no right to entertain the appeal at all from the order of the special term. That order, in its substance and nature, simply allowed a pleading to be amended in furtherance of the justice of the case. Such orders rest in the discretion of the court which makes them, they involve no substantial right, and they are not reviewable on appeal. They do not belong to either class of orders which, according to the Code, may be re-examined at the general term ( § 349).”
In the case before us, the defendants move for leave to amend their answer, by striking out an admission, and inserting in its stead a denial of the contract set forth in the complaint as being their contract. The granting of such a motion was discretionary ; and no right of the plaintiff could be substantially affected, if it was granted. If it was in furtherance of justice, the court was, perhaps, bound to grant it, and the plaintiff can not complain that instead of resting upon the defendants’ admission, he must now prove Ms case.
The order should be affirmed, with costs.