### RILEY KNAPP, RESPONDENT, *v.* JEREMIAH FOWLER, APPELLANT.

*Referee — power of, to allow amendments to the pleadings upon a trial — his action can only be reviewed by appeal — Code of Civil Procedure, sec.* 1018.

Under section 1018 of the Code of Civil Procedure a referee has, upon the trial of an issue of fact, the same power to allow amendments to the summons and pleadings as has the court.

The court at Special Term has no power, upon a motion, to review the action of a referee in granting an amendment to the pleadings, even though he may have directed the motion to be made and may have made the allowance of the amendment subject to the approval and ratification of the court.

APPEAL from so much of an order made at a Special Term, as allows the plaintiff to amend his complaint and directs a new trial.

The action was brought to rescind a conveyance on the ground that it was procured by the defendant, by fraudulently representing that the maker of a bond and mortgage which constituted the consideration of the conveyance was solvent. The defendant denied the fraud and the issue was referred.

The referee found as matter of law that "upon the defendant's own evidence and admissions upon the trial and the other testimony in the cause, that the said plaintiff is entitled to a judgment upon the ground of mutual mistake for the rescission of the said contract for the sale of the lot and premises so conveyed to the said defendant as aforesaid, upon the reassignment to him of the said bond and mortgage of the said Luther Brown, so assigned by the said defendant to the said plaintiff in payment for the said land as aforesaid, as demanded in the plaintiff's complaint.

"The said plaintiff is entitled to an amendment, and leave is hereby given him to amend his complaint by conforming the same to the facts proved on said trial as above stated and found upon the terms

hereinafter stated, to wit, that he shall pay to said defendant or his attorney a trial fee on said trial, and also his disbursements incurred or paid for witness fees or otherwise on said trial, provided that on application to the court upon due notice to the defendant's attorney, such amendment and the terms thereof shall be approved and confirmed, or if in any respect changed or modified such change or modification be complied with by said plaintiff.

" That if said amendment or the aforesaid direction or decision giving leave to the said plaintiff to make the same shall be confirmed by the court in the same, or in a modified form, then the said plaintiff shall be entitled to enter such judgment rescinding the said contract of sale or exchange."

The plaintiff gave notice of a motion to amend and to confirm the decision of the referee allowing the plaintiff so to do. The Special Term allowed the amendment and directed that the amended complaint be served upon the defendant's attorney within five days after the service of the order so made, " the defendant to have the usual time to answer said amended complaint." And the Special Term further ordered " that the plaintiff shall pay thirty dollars trial fee of said action, and the costs of defendant's witnesses on said trial heretofore had, and ten dollars costs of this motion, and said costs are allowed as a condition of allowing the amendment, and the new issues to be tried before another referee."

*John Cunneen*, for the appellant.

*George Bullard*, for the respondent.

Hardin, J. :

Section 1018 of the Code of Civil Procedure declares upon the trial of an issue of fact the referee exercises also *the same* as the court, to allow amendments to the summons or to the pleadings.

Section 723 confers upon the court in broad terms power to amend any pleadings, and to conform the pleadings " *to the facts proved*," when the amendment does " not change substantially the claim or defense."

The learned referee seems to have allowed the amendment under some doubt as to his power, and to have supposed the cases arising

under the old Code questioning and limiting the powers of a referee were applicable.

*The Chittenango Cotton Company* v. *Stewart* (67 Barb., 423), and the cases there referred to, were decided before the adoption of the sections to which reference has been made, *supra.*

The provision found in section 1018 of the Code of Civil Procedure is new and seems to confer " the same power as the court " possesses. Hence there was no occasion to have the amendment confirmed by the Special Term. Having been made by the referee, the confirmation was unnecessary, and if given would have been *pro forma.* The Special Term had no power to review the decision of the referee. That could be reviewed only upon an appeal in the mode prescribed for reviewing such decisions. (*Stevens* v. *Veriane,* 2 Lans., 90 ; *Woodford* v. *Bucklin,* 14 Hun, 445, and cases there cited.)

If the referee erred in allowing the amendment in question, or otherwise, his decision must be brought up by an appeal therefrom to an appellate court.

We think the Special Term fell into an error in attempting to overhaul it upon a motion. Nor should we, upon an appeal from its order, pass upon the merits of the decision made by the referee. He has ordered an amendment, and thereupon ordered judgment for the plaintiff conditionally. We may reverse the order made at Special Term. As the Special Term had not power to set aside his decision, we should not, while simply reviewing the action of the Special Term, determine whether the referee exceeded his power in allowing an amended complaint or not.

Certainly the question is not now properly before us. (*Woodford* v. *Bucklin, supra.*)

We should reverse the order of the Special Term and order the case back to the referee to determine fully and unconditionally and order such judgment as he deems proper, after further hearing to be brought on before him upon the usual notice.

Costs of this appeal to neither party.

MULLIN, P. J., and SMITH, J., concurred.

Order of Special Term reversed and the case sent back to the referee, to determine the same fully and unconditionally and to

order such judgment as he deems proper, after a further hearing before him, to be brought on upon the usual notice. Costs of this appeal to neither party.