By the Court.—Truax, J.
The complaint alleges that plaintiffs and defendants had had negotiations relating to plaintiffs’ hiring a certain building from defendants ; that during the negotiations, plaintiffs promised to take a lease of the building, provided the defendants would do certain repairs, and would furnish plaintiffs with steam for the building ; that defendants agreed to do the repairs and to furnish the steam ; that defendants presented plaintiffs a lease which did not contain the *143 covenant to make the repairs and furnish the steam ; that plaintiffs called defendants’ attention to that fact; that defendants said that it was a matter of no importance, because the matter had been previously agreed upon between the parties, and such previous agreement would not be affected by the execution of the lease ; that plaintiffs relied upon said statement and executed the lease ; that defendants refuse to do the repairs and furnish the steam, that plaintiffs have done the repairs at an expense to them of $500, and that they have been damaged to a large amount by the neglect and refusal of the defendants to furnish steam ; and the complaint demands that the lease be reformed by inserting therein provisions for the repairs and steam, and that plaintiffs recover damages for defendants’ breach of the lease, as it will be after it has been reformed.
To this complaint the defendants demurred, on the ground that it does not state a cause of action. The demurrer was sustained by the special term.
The acts of the defendants in representing to plaintiffs that it was not necessary that the lease should contain a covenant relating to repairs and steam, may be looked at in two lights. It may be that defendants really believed that it was not necessary that the lease should contain the covenant, or it may be that they knew that the lease must contain the covenant in order to bind them, and that they misled plaintiffs for the purpose of obtaining a more advantageous leasing of the premises.
If the lease was entered into because of the belief first above stated, it was a mutual mistake which would warrant the court in reforming the contract. If it was entered into because of the reason last above stated, it was a fraud on the plaintiffs, and the contract should be reformed (Welles v. Yates, 44 N. Y. 525, and cases there cited ; Waring v. Somborn, 82 Ib. 604).
This case is to be distinguished from Wilson v. Deen (74 N. Y. 531). In that case, the covenant on the part of the landlord was not inserted in the lease, because the plaintiff did not think it necessary to have it inserted. In *144 this he was mistaken ; but the defendant did nothing to deceive or mislead him. While in the case at bar, plaintiffs relied upon the erroneous information given by defendants.
It is true, the defendants did not induce plaintiffs to believe that the deed, as a matter of fact, contained the agreement to make repairs and furnish steam, but they did induce plaintiffs to believe that it was not necessary that the lease should contain such an agreement. There was mistake on both sides, or there was mistake on one side and fraud on the other. Either is ground enough for reforming the agreement (Waring v. Somborn, supra). A false declaration of the legal purport and effect of a deed will render it voidable, whether the misstatement had its origin in a wish to deceive, or in the mistaken belief of him who made it (Broadwell v. Same, 1 Gilman, 899 ; Tyron v. Passmore, 2 Barr, 122 : Snyder v. May, 7 Harr. 239 ; Edwards v. Brown, 1 Tyrwhit, 182 ; Chesnut Hill Reservoir Co. v. Chase, 14 Conn. 123 ; Jordan v. Stevens, 51 Me. 78 ; Fillman v. Curtis, 15 Ib. 140 ; Cooper v. Phibbs, L. R. 2 H. L. 149 ; Broderick v. Same, 1 P. Wms. 239).
It is settled in this state that one may bring an action to reform a contract, and in the same action may recover damages for the breach of the contract as it is after it has been reformed (New York Ice Co. v. N. W. Ins. Co., 23 N. Y. 357; Maher v. Hibernia Ins. Co., 67 Ib. 283 ; Welles v. Yates, 44 Ib. 531, and cases there cited).
The order and judgment appealed from are reversed with costs, and the demurrer is overruled with costs, with leave to the defendants to withdraw demurrer and answer on payment of costs.
O’G-ormar, J., concurred.