Per curiam.
This is an application to set aside a verdict. Them are many facts stated. -With respect to the'entry of"
*155 the rule for setting aside the judgment, as in case of non-suit, there may be some doubt: The clerk finds no rule entered, but as there was a stipulation filed, the court take it for granted that it was on the usual terms. It is necessary, however, that in all cases of stipulation, there should , be a demand of costs ; this demand should be accompanied with a copy of the rule, and if the costs be not paid in twenty ■days after, then the party may enter up judgment of non-suit, and take the effect of his application. The defendant swears that he did present a bill of costs, but does not say it was with a copy of the rule annexed; this, too, was on •the agent, ■ and not on the party, or his attorney. The defendant, therefore, has not been correct in his proceedings, ■and if the demand was not regular, the plaintiff was regular ■in noticing his cause for last April, and .bringing it on to trial. But, admitting that in so doing he had been guilty of an irregularity, the defendant’s appearing on the trial is a waiver of all advantage to which he might otherwise have been entitled. It was decided last term, in the case of Brain v. Rodelicks and Shivers,* that if a party appear, he •waives all irregularity. But it has been shewn there was not any; and if there was, the conduct of the defendant has placed the case in the same situation as if there was not. The plaintiff, therefore, is regular. Against this is read an affidavit of merits: on such an affidavit the court will not set aside a regular verdict. There is no irregularity ; the defendant appeared, and has shewn no-excuse why he did not defend ; for if his witness could not have been obtained, the eburt, on the common affidavit, would have put off the trial. The defendant must take nothing by his motion.
Lewis, chief justice, absent.

 Ante 73.