BRADY, Appellant, *vs.* DONNELLY, Executor, &c., Respondent.

The defendant to a bill in equity, put in a demurrer thereto, which was overruled by the Vice Chancellor. On appeal to the Chancellor, the order was affirmed. The defendant then appealed to this Court, and afterwards answered the bill. *Held*, that by answering, the appeal was waived.

Motion to dismiss appeal. The case was this: The bill was filed before the Vice Chancellor of the First Circuit, and the defendant Brady put in a demurrer thereto, which was overruled by the Vice Chancellor, with leave to file a second demurrer. The defendant appealed to the Chancellor, who, on the 26th of May, 1846, made an order affirming the decision of the Vice Chancellor, and from that order the appeal to this Court now in question was taken. In pursuance of the leave given, as above mentioned, the defendant, before the 26th of May, 1846, put in a second demurrer, which was also over-

ruled by the Vice Chancellor in September, 1846. From this decision another appeal was taken by the defendant to the Chancellor, but the order so appealed from was affirmed by default in January, 1847. The appeal last mentioned not being made in such a manner as to stay proceedings, the complainant, on the 14th of December, 1846, had an order entered taking the bill as confessed. This order was opened by consent, and the defendant, in the same month of December, put in his answer fully denying the equity of the bill. A replication thereto was filed, and the cause proceeded upon the merits under the issue so joined. It appeared that after the answer was put in, the above appeal to this Court was noticed on both sides for hearing at two or more successive terms of the Court. The solicitor for the respondent, in his affidavit for the motion, stated, that until within a week he had not been advised of the impropriety of prosecuting the appeal after the defendant had answered the bill as aforesaid.

*Charles O'Connor,* for the respondent, insisted that by answering the bill the defendant had waived his appeal.

*J. T. Brady,* for the appellant.

After advisement, the Court (JONES and GRAY, Js., dissenting) held that the appeal was waived, and ordered the same to be dismissed.