The remaining question is what judgment we should render in reversing the proceedings of the court below.

In People *a.* Taylor (3 *Den.*, 97), the rule is stated: If a wrong judgment be given against a defendant which is reversed on error, the court of reversal can neither give a new judgment against the prisoner, nor send the case back to the court below for the proper judgment. (Rex *a.* Roome, 7 *Ad. E.*, 58.) The prisoner was sentenced for life, when by law the offence charged in the indictment was to be punished by imprisonment not exceeding ten years. The judgment here rendered was erroneous, and must be reversed.

LEONARD, J., concurred.

PECKHAM, J.—The opinion is sound. I concur, except that on the authority of People *a.* Hartung, in Court of Appeals, I go for a reversal, and for awarding a new trial. There the case went up on a bill of exceptions. The court held there was no error in the bill, but there was error in the judgment. Such is substantially this case.

## HANNA *a.* DEXTER.

*Supreme Court, First District; At Chambers, July, 1862.*
*Again, at General Term, November, 1862.*

ADJUSTMENT OF COSTS.—AFFIDAVIT OF DISBURSEMENTS.—ADJUSTMENT BY JUDGE.—POWER OF CLERK.—JUDGMENT FOR NONCOMPLIANCE WITH CONDITION.

Where a cause is put off for the circuit at the request of a party, he is not entitled, on prevailing in the suit, to a term-fee for that circuit.

A judge has no power to adjust costs in the first instance, except for interlocutory purposes.

To authorize a charge for the attendance of the party himself as a witness, it should appear that he attended solely as a witness.

The clerk has power, under the well-settled practice of the court, to enter judgment under a conditional order of the court, upon proof of the non-compliance with the condition.

The attorney is for all the purposes of the action, and any proceedings connected therewith, except to lay a foundation for bringing a party into contempt, the representative of the party; and costs fixed as the condition of a favor granted to the client, are sufficiently demanded by giving notice to the attorney.

I.—*July*, 1862. Motion for readjustment of costs.

This action was brought by John Hanna against John D. Dexter. At the January circuit the plaintiff applied for a day's adjournment on account of his attorney's absence; the defendant objected unless the cause should be put over the term. The cause was then ordered off for the term on payment of the costs of the day.

The case was on the day-calendar in February when it was put over the term on defendant's motion. The action came on for trial at the March circuit, when the plaintiff was allowed to withdraw a juror " on payment of costs of the trial, and the payment of witnesses actually attending at any other term other than those where the cause was put off for the term by the plaintiff or defendant. If not paid within twenty days after adjustment, defendant may enter judgment of nonsuit." The defendant's attorney noticed these costs for adjustment before the clerk, and objection being made, applied to Mr. Justice Barnard to adjust these costs. He adjusted the amount on notice to plaintiff's attorney at $149.92, as follows:

Costs of trial . . . . . . $20.00
After notice, before trial . . . . 10.00
Stenographer's-fees . . . . . 5.00
Clerk copying rule, 10 cts.; affidavit, $1.12 . 1.22
Witness-fees and travel-fees . . . 113.70

These costs not being paid, the defendant gave notice of taxation of costs, preparatory to entering judgment of nonsuit.

His bill included, among other charges, the various items above set forth. On the adjustment, plaintiff objected to the term-fee for January circuit, and to the amount of witness-fees and travel-fees. The clerk allowed term-fee for January circuit, and the above witness and travel fees, deeming the adjustment by Mr. Justice Barnard conclusive. The plaintiff by way of appeal moved for a readjustment.

*Isaiah T. Williams*, for the motion.

*Henry Brewster*, opposed.

CLERKE, J.—This case comes before the court on an appeal from the adjustment by the clerk.

The January costs should not be taxed against the plaintiff. The trial was postponed until the next circuit, for the accommodation of the defendant. The plaintiff paid the costs of the day, as the condition of granting his application for a postponement within the circuit.

The adjustment of the February and March costs, by the judge, was an adjustment, not within his power, for the purpose of entering up the judgment. If he had any power in this respect, it was merely for interlocutory purposes. The taxation, therefore, for these months, should be considered open for the adjustment of the clerk, as an original adjustment. The affidavits for the allowance of witness-fees are defective. They should give the name and place of residence of each witness; should show that the distance travelled by Dexter and Ferguson was the nearest usually travelled route, and that the travel charged for was travelled by them for the purpose of going to the place of trial. The affidavits should also show that the defendant attended solely for the purpose of giving testimony to authorize a charge for him as a witness.

Retaxation ordered.

---

II.—*July*, 1862. Motion to set aside a judgment.

After the entry of judgment by the clerk, plaintiff moved to set the same aside, on the ground that the order made at the March circuit was conditional, and the fact whether the condition had or had not been complied with, being in dispute, the clerk had no power to decide it.

*Isaiah T. Williams*, for the motion, cited Pinkney *a*. Childs.*

---

* In the case of PINKNEY *a*. CHILDS (*N. Y. Superior Ct., General Term, December,* 1860), it was *Held*, that to authorize the clerk to enter judgment upon an offer under section 385 of the Code, the offer must be absolute, not conditional. Hence, where the offer provides that on proof of default of payment of certain securities, the clerk

Hanna *a.* Dexter.

CLERKE, J.—The case to which the plaintiff's counsel refers me is not in point. In that case, the *parties* have voluntarily agreed that judgment should be entered on the performance of certain conditions. This was a contract: of course, it was for the court, and not the clerk, to judge of the performance of those conditions. In this case, the court made an order 'giving

---

of the court should enter judgment in an action theretofore pending, the clerk has no power to pass upon such default, and a judgment entered by him thereon is irregular.

The case came before the court on appeal from order, denying a motion to set aside a judgment.

This was an action by William Pinkney and another against Henry H. Childs and A. and G. A. Arnoux, to recover certain indebtedness arising upon contract.

Before an answer was put in, a compromise was made, in which the defendants agreed to give a number of notes payable at different periods, the gross sum of which amounted to the sum of their indebtedness, it being provided that if any such notes were not paid sixty days after maturity, the plaintiffs were at liberty to enter up a judgment against the defendants for the amount that then should be due. A written offer to this effect was made by the defendants to the plaintiffs, which they were to hold, and in case of a default in the payment of the notes according to the terms agreed upon, they were to present it to the clerk, and have the judgment duly entered up.

After several of the notes had been regularly paid, one was protested, and the sixty days elapsed without payment. The plaintiffs then presented the written offer to the clerk of the court, with proof of the appellants' default, who, upon being satisfied that such default was made, entered up judgment in favor of the respondents for about $1,000, the amount then due.

The defendants moved to set aside the judgment upon two grounds : first, that after the note was protested, and during the sixty days subsequent to such protest, they had the money to pay the note, and made diligent inquiry to find the same, but could not do so ; the reason being that the plaintiffs had changed their bank account to a different bank, and the note was sent there for collection, which prevented them from finding it ; second, that the clerk of the court had not the power to enter up the judgment in question, because the offer was conditional, and not absolute. The motion was denied, and defendants appealed.

*William Fullerton,* for the appellants.

*William D. Veeder,* for the defendants.

BY THE COURT.—*Held,* that the clerk had not power to enter up such judgment. His duties being entirely ministerial, he had not the power to pass upon the question whether the appellants had or had not made a default in their contract. An offer upon which the clerk can enter a judgment must be absolute, and not conditional.

The court ordered, that upon the appellants granting a stipulation not to sue the sheriff, &c., the order appealed from be reversed without costs, and the judgment entered vacated.

a privilege to the plaintiff, on the condition that he should pay certain costs to be taxed. The court, in this order, definitely prescribed the conditions, and no further judicial action was necessary. The simple question of the payment of the costs could not require any further intervention of the court. It would produce great inconvenience and delay, if in such cases a new application to the court were necessary.

Motion to set aside judgment denied, with $5 costs.

---

II.—*November*, 1862. Appeal from an order denying this motion to set aside the judgment.

From the second decision of Mr. Justice Clerke, the plaintiff appealed to the general term. The facts are already sufficiently stated.

*Isaiah T. Williams*, for the appellant.—I. On principle, a clerk ought not to have the power to decide a dispute of this character. It is an issue that cannot be passed upon but by some legal authority. The clerk is not a judicial officer in any sense ; he is simply ministerial, and parties are not bound to submit their differences to him, nor can they be bound by his decisions. Jurisdiction cannot be conferred even by consent of parties. It can only be exercised where it is conferred by the sovereign power of the State.

II. Our objection is, that the clerk had no power to pass upon the question whether or not there had been an adjustment and a demand. These were points for decision before any judgment could be entered, and the clerk had no power to pass upon them. They were disputed before him, and he found the fact in favor of the defendant, upon the affidavits of Brewster and his clerk. Whether his judgment upon these affidavits was correct or not, is not the question. The question is, Had he the *judicial* power to pass upon these affidavits, and find the fact, thereby claimed to be proved, in favor of the one party or the other ?

*Henry Brewster*, for the respondent.—I. These mere questions of practice neither involve the merits nor affect any positive legal right. (St. John *a.* West, 4 *How. Pr.*, 329, 332 ; Mead *a.* Mead, 2 *E. D. Smith*, 223 ; Tallman *a.* Hinman, 10 *How.*

Hanna *a.* Dexter.

*Pr.*, 89; Bank of Geneva *a.* Reynolds, 20 *Ib.*, 18; S. C., 12 *Abbotts' Pr.*, 81; N. Y. Ice Co. *a.* North Western Ins. Co., 23 *N. Y.*, 357.)

II. By acting on the judgment as correctly entered, and moving for and getting an order to readjust costs, and opposing the bill on readjustment, the appeal and right of appeal were waived.* (Brady *a.* Donelly, 1 *N. Y.*, 126; Radway *a.* Graham, 4 *Abbotts' Pr.*, 468; Vail *a.* Remsen, 7 *Paige*, 206; Ubsdell *a.* Root, 1 *Hill*, 173; S. C., 3 *Abbotts' Pr.*, 142; Bennett *a.* Van Syckel, 18 *N. Y.*, 481; McElwain *a.* Willis, 9 *Wend.*, 548.)

III. On the merits, the order is right—1. The costs were adjusted before a judge by the consent of the parties. That is sufficient. (Ellsworth *a.* Gooding, 8 *How. Pr.*, 1; Van Schaick *a.* Winne, *Ib.*, 5; Hicks *a.* Waltermire, 7 *Ib.*, 370; Mitchell *a.* Westervelt, 6 *Ib.*, 265; *Code*, as amended, § 311.) 2. The demand was properly made. It was not to found process of contempt, but as a notice to the party. (*Code*, §§ 417, 418.) 3. There was an adjustment in writing: that is an order. (*Code*, § 400.) But if not, no order was required, only an adjustment. 4. The manner of entering judgment on such conditional orders is well settled. (Gilliland *a.* Morrell, 1 *Cai.*, 154; *Cai. Pr.*, 514; 1 *Burrell*, 421; 2 *Grah. Pr.*, 616, 621.) The case referred to in the Superior Court was correctly decided, but does not apply. (*Code*, §§ 382–385.) The clerk is to judge of proofs under section 246.

---

* In LEWIS *a.* IRVING FIRE INSURANCE Co., and another case (*Supreme Court, Second District; General Term, December,* 1862), it was *Held,* that where an order of reference was granted, upon the moving party paying costs of the term, the other party, by accepting the costs, waives his right to appeal from the order.

These were two actions by George and Everett Lewis against the Irving and the Fulton Fire Insurance Companies, respectively.

The issues were referred at the circuit, on defendant's motion, on their paying the costs of the term. The costs were paid, and the order was entered; and the plaintiffs appealed from it to the general term.

On the appeal being noticed for argument, the defendants moved to dismiss the appeal, on the ground that the plaintiffs, having accepted the costs, which were the terms of the order, had waived their right to appeal.

*Mr. Fitch* and *Mr. Owen,* for the motion to dismiss.

*E. J. Beach,* opposed.

The court (EMOTT, LOTT, and BROWN, JJ., present) granted the motion, and dismissed the appeal on that ground.

BY THE COURT.*—BARNARD, J.—On the 27th of March, 1862, an order was made permitting plaintiff to withdraw a juror " on payment of costs of the trial and the payment of witnesses actually attending at any other term, other than those where the cause was put off the term by the plaintiff or defendant. If not paid within twenty days after adjustment and demand, defendant may enter judgment of nonsuit."

Defendant's attorney gave notice of an application to a judge of this court, at chambers, to adjust the costs under this order. When that application came on to be heard, both plaintiff's attorney and defendant's attorney consented that the judge should adjust the costs. The judge thereupon adjusted them at $149.92.

Defendant's attorney then caused a copy of the order of March 27th, 1862, and a copy of the costs as adjusted, having thereon the words and letters " adjusted at $149.92, G. G. B.," to be served on plaintiff's attorney. These matters are not disputed. Plaintiff alleges the costs were not demanded. The appeal papers, however, show a proper and sufficient demand of the plaintiff's attorney of the sum so adjusted.

The costs not having been paid within twenty days after the demand, defendant gave notice of adjustment of the costs in the action by the clerk, and applied to enter a judgment of nonsuit, and to insert in the judgment the costs adjusted by him. Plaintiff appeared and objected that the clerk, under the circumstances of the case, had no right to enter a judgment of nonsuit or to adjust the costs. The clerk, however, taxed the costs and entered judgment of nonsuit.

Plaintiff then made two motions—one to have the costs so adjusted by the clerk readjusted, and the other to set aside the judgment. The motion for a readjustment was, by consent, adjourned till after the motion to set aside had been decided. The motion to set aside was denied. After decision, the motion for readjustment was argued and granted, and the plaintiff appeared on such readjustment and objected to several items.

The plaintiff appealed from the order denying the motion to set aside the judgment; and the defendant moves to dismiss the appeal on two grounds:—first, that the plaintiff, by proceeding with his motion for a readjustment, and appearing on such re-

* Present, INGRAHAM, P. J., BARNARD and CLERKE, JJ.

adjustment, has waived his right of appeal; and second, that the order is not appealable. The appeal, and the motion to dismiss, now come on to be heard.

Assuming the order to be appealable, the decision below was correct. Plaintiff's counsel contend that the clerk has no power to enter a judgment under a conditional order, upon proof of non-compliance with the condition. This doctrine is at variance with the long-established practice of this court. If judgment is given for plaintiff upon a demurrer, with leave to defendant to answer on payment of costs, &c., it has never been the practice to apply to the court for leave to enter judgment on proof of non-compliance with the condition.

The case now before the court is not distinguished from the one put. The effect of the order of March 27th is to grant a judgment of nonsuit unless the plaintiff complied with certain conditions.

So also when an inquest is opened on condition of paying costs (the entry of judgment having been stayed), it is the established practice for the clerk to tax the costs and enter judgment, on proof exhibited to him that the condition has not been complied with. If the Superior Court, in Pinkney *a*. Childs, intended to establish a different rule, this court cannot coincide with them. But that decision does not go the length the plaintiff's counsel supposes. The principle of that decision is, that the clerk is not authorized under any provision of the statute to enter a judgment upon a conditional offer, and this irrespective of the question of performance or non-performance of the condition; and that the offer not operating as an offer under the Code, could only inure as an agreement or contract between the parties; and inuring simply as such agreement, the clerk, as a ministerial officer, was not authorized to adjudicate any question arising on such contract; and if he was, he was not authorized to enter judgment on the contract.

The present case is entirely different; it is an order of the court directing judgment. Under such an order the clerk is authorized to enter judgment; but while the order directs judgment, it contains a condition, a compliance with which by plaintiff renders the judgment inoperative.

It has been, as before stated, the long-established practice of this court for the clerk, on proof of non-compliance with the condition, to enter judgment according to the order.

The court is not inclined to disturb that practice. It would be exceedingly inconvenient if, every time that a motion was granted on payment of $10 costs, a subsequent motion for an order absolute, denying the previous motion, founded on proof that the $10 had not been paid, were to be required.

It was not necessary for the purpose of demanding the costs that a formal order should be entered; the adjustment·is sufficiently made and evidenced by the judge, stating at the bottom of the bill "adjusted at $149.92," and adding his initials. Nor is it requisite under the authorities that the original taxed bill should be served or exhibited at the time of serving the copy. The attorney of a party to an action is, for all the purposes of that action, and any proceeding connected therewith (except where the proceeding is intended to lay a foundation for bringing the party into contempt), the representative of that party. As a demand for a bill of particulars, or a notice to produce documents on a trial, may be served on the attorney, although to procure the information to prepare the bill of particulars or to obtain the documents he must apply to his client; so a demand for the payment of costs, the payment of which is directed to be made by an order as a condition on which a favor is granted to the client, may properly be made of the attorney, although he may have to procure the money of his client.

Order appealed from, affirmed, with $10 costs.