## N. Y. CITY COURT.

ADOLPH GRUNBERG, plaintiff and respondent, agt. BERNARD BLUMENLAHL, defendant and appellant.

*Practice — New trial — Appeal — When right to appeal is waived by party entering upon a new trial granted by the trial judge — Need of procuring a stay.*

It is a settled rule of practice that if a party proceeds under an order, or accepts any benefit thereunder, it is a waiver on his part of the right of appeal; and if after taking an appeal he proceeds under the order appealed from, or accepts any benefit thereunder, he in like manner waives his appeal.

Where the defendant obtains a verdict and the trial judge awards a new trial upon his minutes, the defendant by entering upon the new trial and accepting the chances of succeeding thereat waives his right to appeal from the order.

The remedy of the defendant in such a case was to have procured a stay of proceedings pending an appeal from the order in question.

*General Term, November 1883.*

Grunberg agt. Blumenlahl.

APPEAL from an order granting a new trial.

*Adolph Cohen*, for appellant.

*Leo Bamberger*, for respondent.

McADAM, *J.* — It is a settled rule of practice that if a party proceeds under an order, or accepts any benefit thereunder, it is a waiver on his part of the right of appeal; and if after taking an appeal he proceeds under the order appealed from, or accepts any benefit thereunder, he in like manner waives his appeal. In other words, he must be consistent and stand by the position he elects to take. He must rely upon his appeal or abandon his right to it and act under the order He cannot do both. He is not permitted to test the accuracy of the order by appeal, and at the same time accept any benefit which the order confers. If he seeks by appeal to reverse the order of the court, he must, in case he succeeds, leave the adverse party in the same position he was when the order appealed from was made; and if by any affirmative act of his the position of the adverse party has, as in this case, been changed, he cannot insist upon an appeal from the order previously made (*See Brady* agt. *Donnelly*, 1 *N. Y.*, 126; *Noble* agt. *Prescott*, 4 *E. D. Smith*, 139; *Ubsdell* agt. *Root*, 3 *Abb. Pr.*, 149; *Clark* agt. *Meiggs*, 10 *Bosw.*, 337; *Radway* agt. *Graham*, 4 *Abb. Pr.*, 468; *Lapton* agt. *Jewett*, 19 *id.*, 320; *Lewis* agt. *Irving Ins. Co.*, *Id.*, 140, *note;* *Marvin* agt. *Marvin*, 11 *Abb.* [*N. S.*], 97; *Platz* agt. *City of Cohoes*, 8 *Abb. N. C.*, 392).

It appears by the appeal book that this action was twice tried. The jury upon the first trial found for the defendant and the presiding judge, on motion of the plaintiff, ordered a new trial upon the minutes. The defendant instead of obtaining a stay pending an appeal from this order proceeded to the new trial, which the order appealed from awarded, and by this act accepted the chances of succeeding thereat, and by so doing waived the appeal from said order. If the new trial

had resulted favorably to the defendant he could not, under the circumstances, have prosecuted his appeal from the order which awarded it; and the fact that the new trial resulted in a verdict for the plaintiff does not change the legal effect of his act. It follows, therefore, that the appeal from said order must be dismissed, with costs.

SHEA, C. J., concurs.