### In re WIDENING OF WASHINGTON STREET.

(Supreme Court, General Term, Second Department. May 11, 1891.)

1. MUNICIPAL CORPORATIONS—OPENING NEW STREETS.
Laws N. Y. 1883, c. 523, § 129, amending the charter of the city of Poughkeepsie, provides, with respect to street improvements, that "whenever a petition to lay out a new street, signed by the owners of a majority of the frontage on the line of said proposed street, or a petition to alter, open, widen, extend, or grade any section of a street or highway, signed by a majority of the owners of the frontage on said street or highway, or on the section of said street or highway proposed to be improved, shall be presented to the common council, * * * it shall cause," etc. Held, that the words "proposed to be improved," in said statute, qualify the word "section," preceding them, which refers to the portion of the street proposed to be improved, and does not mean any arbitrary length, as a block, etc.

2. SAME—PETITION.
When property owners appear before commissioners in proceedings for widening a street in response to notice, it will operate as a waiver of technical objections to the sufficiency of the petition.

Appeal from special term, Dutchess county.

Petition to widen Washington street in the city of Poughkeepsie. Appeal by a property owner from an award made to him by the commissioners. Laws N. Y. 1883, c. 523, § 129, amending the charter of the city of Poughkeepsie, provides, with respect to street improvements, that "whenever a petition to lay out a new street, signed by the owners of a majority of the frontage on the line of said proposed street, or a petition to alter, open, widen, extend, or grade any section of a street or highway, signed by the majority of the owners of the frontage on said street or highway, or on the section of said street or highway proposed to be improved, shall be presented to the common counsel, * * * it shall cause," etc.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

H. D. Hufcut, for appellant. C. B. Herrick, for respondent.

PRATT, J. This appeal is taken by the owner of a portion of the property taken to widen a street from the award made to him for the land taken, and from the assessment made upon his remaining land for the benefits arising from such widening and improvement. The word "section," as used in the charter, must be given a practical meaning, in order to carry out the purposes

of the law.  In the connection in which the word occurs it must be held to be qualified by the words "proposed to be improved," so that a petition by the majority of the owners on the frontage proposed to be improved is sufficient compliance with the charter to confer jurisdiction.  "Section" cannot mean any arbitrary and uniform length of street, like a block, or one-half a mile, but it must refer to a portion of a street proposed to be improved, and, when that portion is described, it is a section of a street.  The petition herein was signed by a majority of the owners on the frontage proposed to be improved.  But if there was any doubt about the sufficiency of the petition, it was waived by the appellant's appearing before the commissioners and trying the case upon the merits.  The only object of the notice was to get the party duly in court, and, having appeared, we think all objections to the form of the petition were waived.  *Grunberg* v. *Blumenlahl*, 66 How. Pr. 62. We fail to see any irregularity in the proceedings of the common council or in the appointment of commissioners.  The fact that two of the petitioners attempted to withdraw their names from the petition after the commissioners had been appointed, was immaterial.  *Town of Springport* v. *Teutonia Sav. Bank*, 84 N. Y. 403; *People* v. *Sawyer*, 52 N. Y. 296.  The award, both as to damages for the land taken and for benefits to the remaining, seems to be supported by the evidence.  Besides, the personal examinations made by the commissioners must be given some weight upon these questions.  Lewis, Em. Dom. § 524.  The record fails to show that in making the award the commissioners acted upon any erroneous principle.  We are constrained to think that the decision of the commissioners was not only right in form and substance, but was made upon correct principles.  Order affirmed.  All concur.