## MILBANK v. JONES.

(Superior Court of New York City, General Term. March 6, 1893.)

1. SUBSTITUTION OF PARTIES—WAIVER OF OBJECTIONS.
   Where the court has, on petition, allowed one to be made plaintiff as to her individual interest, and as administratrix of the former plaintiff, defendant, not having appealed or demanded a supplementary complaint, cannot on the trial object that plaintiff's individual interest could not be properly introduced into the case, or that there was no proof of her interest, or that she was administratrix.

2. APPEAL—MANDATE AND PROCEEDINGS BELOW.
   The point having been considered in the opinion of the supreme court on a former trial, that there was a variance between the evidence and complaint, and that defendant had had no notice to prepare for trial on the issue made by the evidence, and the judgment for defendant having been reversed by the court of appeals, it will be deemed to have held the point not valid.

Appeal from jury term.

Action by Antoinette L. Milbank, individually and as administratrix, against Morgan Jones. From a judgment for plaintiff entered on a verdict directed by the court, and from order denying motion for a new trial, made on the minutes, defendant appeals. Affirmed.

For former reports, see 5 N. Y. Supp. 914, and 28 N. E. Rep. 31.

Argued before SEDGWICK, C. J., and DUGRO, J.

Fetterich & Jones, for appellant.
Boeraem & Hamilton, for respondent.

SEDGWICK, C. J. The new question in the case refers to the right of the plaintiff to prosecute the action individually, and also as administratrix. The plaintiff had taken proceedings upon petition for leave to be made plaintiff as to her individual interest, and also as administratrix of the former plaintiff, then deceased. No supplemental complaint was served. On the trial the counsel for defendant made objection that the cause of action in the plaintiff individually could not be inserted, properly, with the cause of action in her as administratrix, and also that there was no proof of her personal interest, or that she was administratrix. It will be seen that there was no issue as to these facts. No supplemental complaint had been served, or required to be served. Probably the defendant, if he wished, could have procured a direction that such a complaint be served. Indeed, the plaintiff's petition asked leave to serve a supplemental complaint. On those facts it must be held, on the cases cited by the counsel for plaintiff, that the decision in the proceedings upon the petition is an adjudication as to the questions of law, and of facts then raised, and that if there were error in the decision, in the absence of a supplemental complaint, it was to be corrected by appeal. The ruling of the court below on this point should not be reversed.

The complaint alleges that the defendant, as trustee for the plaintiff, received $5,000 in trust; that, by the terms and conditions of the trust, it was provided, and said trust was upon the express condition, that the same might be terminated by the plaintiff on or after July 10, 1866, at his election. To prove this, the plaintiff gave in evidence the following agreement, in writing: "Received of R. Willelbank $5,000, and also certificates for 250 shares," etc.; "the said money and stock to be returned to said Milbank in case" a certain resolution "shall not be passed, and take effect, before the 10th July, next." There was an objection to this by defendant's counsel, that it did not sustain, and was not the cause of action made by, the complaint. The cause of action in the complaint was conditioned by the elevator of the former plaintiff. On the other hand, the agreement in testimony was the passing and the taking effect of a resolution before the 10th of July. It was urged that the defendant had had no notice to prepare for trial upon such an issue. This point was considered in the opinions of the general term, and must have been by the court of appeals. It must be deemed that the court of appeals held that it was not valid.

The other questions in the case have been determined heretofore unfavorably to the defendant. Exceptions as to rulings upon evidence do not need to be considered. The verdict was ordered by the court, and facts that were undisputed called for that direction, irrespective of the contests that concerned the evidence.

Judgment and order appealed from affirmed, with costs.