(4 Misc. Rep. 613; mem. report without opinion.)

## MILBANK v. JONES.

(Superior Court of New York City, General Term. July 3, 1893.)

1. APPEAL—ORDER MERGED IN JUDGMENT.
    After an order had been entered, reviving an action, and continuing it in the name of the original plaintiff's administrator, a trial was had, and a judgment was rendered in favor of the substituted plaintiff. *Held*, that the order of revival was merged in, and superseded by, the judgment, and could not be reviewed on appeal.
2. SAME—DISMISSAL—ABSTRACT QUESTION OF LAW.
    Where an order appealed from is superseded by a judgment rendered on a subsequent trial of the action, the appeal from such order will be dismissed, since a decision could have no practical effect.

Action originally brought by Robert W. Milbank against Morgan Jones. Plaintiff died pending the action, and it was revived and continued in the name of Antoinette L. Milbank, individually and as administratrix, and from such order defendant appealed. Pending the appeal the action was tried, and a judgment was rendered in favor of plaintiff. Plaintiff now moves to dismiss the appeal. Motion granted.

For former reports, see 5 N. Y. Supp. 914; 17 N. Y. Supp. 464; 22 N. Y. Supp. 525.

Argued before McADAM and GILDERSLEEVE, JJ.

Booraem & Hamilton, for the motion.
J. M. Jones and J. Fettretch, opposed.

McADAM, J. The order appealed from was properly made, and would have been affirmed on the merits but for the motion made to dismiss the appeal, which must be granted. It appears that since said order was made the action has been tried, and a verdict rendered in favor of the substituted plaintiff. The judgment entered thereon has been affirmed by the general term, (22 N. Y. Supp. 525,) and an appeal from such affirmance is now pending in the court of appeals. The order appealed from is now merged in, and super-

seded by, the judgment. As a decision on the merits can have no retrospective effect, the appeal should be dismissed. Grunberg v. Blumenlahl, 66 How. Pr. 62; Health Department v. O'Reilly, 49 N. Y. Super. Ct. R. 524; Fieldhouse v. Neville, 16 Wkly. Dig. 472. Courts will not decide mere abstract questions, from the determination of which no practical result can follow. People v. Common Council of Troy, 82 N. Y. 575. The motion to dismiss the appeal must therefore be granted, with costs.