(45 Misc. 387)

## REICHENBERG v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. APPEAL—RIGHT TO MAINTAIN.

A plaintiff who, on his motion, obtained an amendment to a judgment
for defendant so as to make the judgment one of dismissal for failure of
proof, cannot appeal from the judgment as corrected, it superseding the
original judgment and being for plaintiff's own benefit.

Appeal from Municipal Court, Borough of Manhattan, Tenth
District.

Action by Dena Reichenberg against the Interurban Street Rail-
way Company.   From a judgment as corrected, plaintiff appeals.
Appeal dismissed.

See 84 N. Y. Supp. 523.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-
GERALD, JJ.

I. Henry Harris, for appellant.

Henry W. Goddard and William E. Weaver, for respondent.

FREEDMAN, P. J. This case was submitted to the justice for
decision as of May 11, 1904, and on May 16, 1904, he rendered
judgment for the defendant.  On May 29, 1904, the plaintiff served
the defendant with an order to show cause issued by the said
justice and returnable May 23, 1904, requiring the defendant to
show cause why the judgment rendered herein should not be
amended and corrected to read, "Complaint dismissed for failure
of proof," and it was annexed in the moving affidavit annexed to
said order to show cause that the "judgment for defendant" had
been entered through inadvertence, and that it was the intention
of the trial justice "not to give a judgment for the defendant on
the merits, but that he did not believe she had shown facts sufficient
to constitute a cause of action, and that his intention was to dis-
miss the complaint, not on the merits, but because a cause of ac-
tion had not been proven."   It does not appear that there was any
opposition to this motion.   An order was therefore entered, which
recites "that it is ordered that the said motion be, and the same
hereby is, in all respects granted, and the judgment corrected so
as to read, instead of 'Judgment for the defendant,' 'Complaint dis-
missed,' upon the ground and for the reason that the decision made
was inadvertent, in that it was not intended to conclude the plain-
tiff."   The notice of appeal herein states that the plaintiff "appeals
from the judgment entered in the office of the clerk of the above
entitled court on May 16, 1904, in favor of the defendant and
against the plaintiff, and from the judgment as amended and cor-
rected by order of Justice Murray, signed on June 2, 1904, which
reads 'Complaint dismissed,' etc."   This appeal must be regarded
as an appeal from the judgment as amended and corrected by the
order aforesaid, as such judgment supersedes and takes the place
of the first judgment entered.   The judgment thus appealed from
is one amended and corrected and entered upon plaintiff's own

motion, is for her own benefit, and it enables her to begin another action for the same cause, and in such a case the plaintiff has no right of appeal. Hooper v. Beecher, 109 N. Y. 609, 15 N. E. 742; Marvin v. Marvin, 11 Abb. Prac. N. S. 97; Breenberg v. Blumenthal, 60 How. Prac. 62.

Appeal dismissed, with costs. All concur.