GEORGE F. WILLETT and Another, Appellants, *v.* CHASE NATIONAL BANK and Others, Respondents.

First Department, December 31, 1926.

Fraud and deceit — action to recover damages based on alleged fraudulent acts of defendants in procuring plaintiffs' controlling interest in certain corporations — complaint alleges that general release was procured without consideration — motion to dismiss complaint for insufficiency on ground that general release was given and that consideration has not been tendered back — allegation that release was without consideration is not legal conclusion — contention that complaint cannot be dismissed since cause is stated for fraud in procuring release is inconsistent with plaintiffs' theory — separate trial of validity of release denied since release is integral part of transactions constituting alleged fraud.

The complaint in this action to recover damages for fraud and deceit alleges that the defendants by fraudulent means obtained corporate stock of corporations

First Department, December, 1926.        [Vol. 219

in which the plaintiffs hold the controlling interest, and that a general release executed by the plaintiffs which closed the transaction was given entirely without money payment or other valuable consideration.

It was error for the court below to dismiss the complaint upon the ground that as long as the general release under seal reciting a consideration was outstanding, plaintiffs were barred from suing upon the cause of action for fraud in depriving them of their property, for the allegation that the release was given entirely without payment or other valuable consideration is not an allegation of a conclusion but of a fact which, if proven, will establish that the release is not valid. The allegation stated shows clearly that the plaintiffs intended to raise an issue of want of consideration for the release. If the plaintiffs can prove the allegation there is no necessity of making any tender back in order to rescind the release.

The contention by the plaintiffs that in any event they would be absolved from returning to the present defendants any amount received for the release since, if any consideration was paid therefor, it was paid by other persons, is at variance with the allegations of the complaint.

The further contention by the plaintiffs that if the complaint cannot be sustained upon the ground of lack of consideration for the release, it may be sustained upon the ground that it states a cause of action for fraud in procuring the execution of the release, is contrary to the theory upon which the action is brought, and furthermore, the allegations of the complaint do not support any such cause of action, since the whole theory of the case is that the defendants are liable for fraud and deceit in obtaining possession of plaintiffs' property and that the release is invalid for lack of consideration, and, therefore, does not stand in the way of recovery.

There should not be a separate trial as to the validity of the release, for the complaint makes the release an integral part of the entire transaction and the validity thereof should, therefore, not be tried separately.

APPEAL by the plaintiffs, George F. Willett and another, from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of January, 1926, granting two motions made by the defendants to dismiss the second amended complaint under rules 106 and 107 of the Rules of Civil Practice, the first, upon the ground that the complaint on its face fails to state facts sufficient to constitute a cause of action, and the second, upon the ground that the cause of action has been released by a general release, under seal, given for a valuable consideration, which consideration has not been tendered back or returned.

*Ralph Wolf* of counsel [*Harold P. Seligson* with him on the brief; *Hays, Hershfield & Wolf*, attorneys], for the appellants.

*Max D. Steuer* of counsel [*Henry Root Stern, Lloyd H. Landau* and *S. S. Jennings, Jr.*, with him on the brief; *Rushmore, Bisbee & Stern*, attorneys for the defendants Chase National Bank and Chase Securities Corporation; *Max D. Steuer*, attorney for the defendant Thayer], for the defendants.

FINCH, J. The complaint alleges as follows: The plaintiffs owned the controlling stock interest in two felt shoe corporations doing a large and profitable business. The plaintiffs also owned a controlling interest in a number of other corporations acquired or organized for combining into large units for the manufacture of textiles and machinery. During 1918 the business of the felt shoe companies greatly expanded and it was necessary to obtain a special loan to take care of the increased business. An arrangement was entered into with a banking syndicate to furnish this loan, which was amply warranted by the financial standing of the plaintiffs' corporations. For the purpose of securing to themselves for an inadequate consideration the plaintiffs' stock holdings in the felt shoe corporations and the other corporations in which the plaintiffs were interested, the defendants and certain others entered into a conspiracy to conceal from the plaintiffs the fact that arrangements had been made by the banking syndicate to furnish the loan and to prevent the plaintiffs and their corporations from obtaining this or other loans, except upon the condition of transferring their stock holdings in one of the shoe companies by way of sale, with the right of redemption, and to transfer a voting control in the other shoe company and the management and control of all the corporations controlled by the plaintiffs upon certain terms and conditions. It is further alleged that pursuant to this conspiracy the defendants by the aforesaid means secured control of said companies and thereafter so manipulated their assets and affairs as to render the plaintiffs unable to redeem their aforesaid shares and finally obtained from the plaintiffs, for a grossly inadequate consideration, assignments of their rights in their said shares of stock, as well as a general release of all claims. The plaintiffs allege that the release was " entirely without money payment or other valuable consideration." The complaint was dismissed by the learned court at Special Term upon the ground that as long as the general release under seal, reciting a consideration, was outstanding, the plaintiffs were barred from suing upon the cause of action alleged in the complaint for fraud in depriving them of their property, citing *Gould* v. *Cayuga County National Bank* (86 N. Y. 75) and *Gould* v. *Cayuga County National Bank* (99 id. 333). While agreeing with the learned court at Special Term in his view of the complaint, where he says, " the nature of the action is well described by the plaintiffs in their brief where they state that ' the complaint may be summarized by stating ' that ' the action is to recover damages from the defendants because of the fraud of the defendants in depriving plaintiffs of their property, by which fraud the defendants became possessed and

seized thereof,' '' we read the allegation of the complaint relating to the release differently. In setting forth the obtaining of the release as an integral part of one plan, consisting of one tort, thought out from the beginning and comprising the obtaining of the release as a final act, the plaintiffs allege as follows: '' The defendants also for the purpose of providing against a future discovery of the aforesaid conspiracy and the wrongful means used by them as aforesaid in effecting the same in order to strengthen their ostensible title to said shares and to make it more difficult in the event of such discovery to avoid that title for the plaintiffs  *  *  *   prepared and required the plaintiffs to execute an instrument purporting to be a general release of the defendants,  *  *  *   and accordingly, the plaintiffs misled, deceived and fraudulently induced as aforesaid, and  *  *  *   through duress practiced on them by the defendants as aforesaid, executed and delivered to the defendants said release, but entirely without money payment or other valuable consideration. The defendants by carrying out said conspiracy in manner and form aforesaid dissipated and wasted the plaintiffs' properties  *  *  *   to the damage of the plaintiffs in the sum of  *  *  *.''

The court at Special Term held the direct allegation in the foregoing quotation that the release was '' entirely without money payment or other valuable consideration,'' to be a mere conclusion of the pleader since this was negatived by the words in the same sentence that the defendants '' prepared and required the plaintiffs to execute an instrument purporting to be a general release of the defendants.'' It seems to us, on the contrary, that the pleader, by expressly and directly alleging that no money or other valuable consideration was given for the release, has plainly shown the intention of the plaintiffs to raise an issue of want of consideration for the release, and has overcome any mere inference to the contrary. If it had not been for this positive and direct allegation that the release was given without money or other valuable consideration, then a contrary inference might well have been drawn from the complaint; but with this allegation it seems impossible to hold that the plaintiffs are not attempting to allege that the release may be treated as a nullity because given for no consideration. If the plaintiffs can establish the facts to square with their declaration that no consideration was given for the release, then they may succeed upon the original cause of action for the deprivation of their property, having eliminated the release and being without the necessity of making any tender back in order to rescind the release, since, according to the allegations of the complaint, nothing was received therefor.

The plaintiffs urge in their brief that in any event they would be absolved from returning to these defendants any amount received for the release, since, if any consideration was paid for the release, it was paid, not by these defendants, but by certain other coconspirators in Boston, likening the case in this regard to that of *Town of Springport* v. *Teutonia Savings Bank* (84 N. Y. 403, 409). This argument, however, seems at variance with the allegation in the complaint that no consideration whatever was received for the release. Moreover, according to the allegations of the complaint, the defendants made such payments as the plaintiffs allege were made for the equities in the shares of stock.

The plaintiffs further urge that, even if the complaint may not be sustained upon the ground that the plaintiffs have alleged that the release was without consideration, still the complaint may not be dismissed upon motion, since the plaintiffs have set forth facts from which it appears that, if the plaintiffs are able to prove such facts, they have a cause of action for fraud in procuring the execution of the release. Aside from the fact that such a cause of action would proceed upon a theory inconsistent with that alleged in the complaint, since it would seek to affirm the release of the original cause of action and to recover for the damage suffered by the fraud in procuring the execution of the same, yet, as noted, the plaintiffs have not attempted to set forth such a cause of action but are attempting to sue upon their original claim for the deprivation of their property and to eliminate the release as issued without consideration. If the plaintiffs had attempted to affirm the release and recover damages for the fraud in its procurement, their measure of damage would not then be the same as when they sue upon the original cause of action, since a disputed claim is worth less than its face, depending upon the probabilities of its successful enforcement and the expense and labor of the litigation necessary, including the solvency of those liable. If this is the cause of action which the plaintiffs seek to set forth, we again agree with the learned court at Special Term that the defendants should not be left to conjecture as to whether or not it is set forth, but the plaintiffs should leave no doubt as to the precise nature of their cause of action especially in a suit of this magnitude.

While the notice of motion in each case is for a dismissal of the complaint, yet both plaintiffs and defendants argue as to whether or not there should be a separate trial or reference as to the validity of the release, if the court should hold that the plaintiffs have sufficiently raised the issue. In view of the claim of the plaintiffs, as already noted, that the release is an integral part of a long series

of connected acts, of which it was the final act, no separate trial should be ordered since because of the nature of these allegations the net result would undoubtedly be two trials of extraordinary length, rather than one.

The orders appealed from dismissing the complaint should, therefore, be reversed, with ten dollars costs and disbursements in each case, and the motions denied, with ten dollars costs each, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

On each appeal: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.